150 So.2d 489 (1963)
The CITY OF MIAMI, a municipal corporation organized and existing under the laws of the State of Florida, Appellant,
v.
Geraldine WOLFE and Rosalie Wolfe, both single women, et al., Appellees.
No. 62-300.
District Court of Appeal of Florida. Third District.
March 5, 1963.
Robert D. Zahner, City Atty., and Charles K. Allan, Asst. City Atty., for appellant.
Brigham & Dence and Toby Prince Brigham, L.J. Cushman, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and HORTON, JJ.
HORTON, Judge.
Appellant city, petitioner below in an eminent domain proceeding, seeks review of an adverse summary final judgment dismissing its action which sought condemnation of the appellees' property for an alleged public use. We affirm.
The petition, which sought fee simple title to the property, alleged that the public use for which it was needed was the construction of a northward extension of Bayshore Drive. It further alleged that the authority for the taking came from the constitution and statutes of the State of Florida and a resolution duly adopted by the city commission, and that the appellant was seeking to condemn appellees' land in good faith and for a valid purpose. The appellees answered in the form of a general denial and affirmatively alleged, inter alia, that the description of the property and the resolution purportedly authorizing its acquisition were insufficient. They further *490 alleged that the appellant was not acting in good faith in that its true motive was not to acquire these lands for a public street, but rather by condemnation to acquire the right to acquire title to contiguous bay bottom land from the Trustees of the Internal Improvement Fund.
After some intermediate skirmishing, the appellees moved for summary judgment and the trial court having duly considered the pleadings, the depositions and admissions on file, and the admissions of counsel upon the hearing on said motion, entered the final summary judgment appealed, having found that there were no genuine issues of material fact and that the appellees were entitled to a judgment as a matter of law on (1) the sufficiency of the description; (2) the necessity of the taking; (3) the sufficiency of the authority for the taking; (4) the sufficiency of the pleadings; and (5) the lack of good faith on the part of appellant
The appellant contends that the trial court's conclusions of law on each of these points are erroneous and unsupported by the record. We find this contention to be without merit. If the trial court's conclusions of law are correct as to any one of these points, the judgment appealed should be affirmed. We therefore deem it necessary to discuss only the lack of good faith on the part of the appellant.
Contiguous bay bottom lands extending from the ordinary high water line on the property in question to the established bulkhead line, a distance of some 517 to 544 feet, are state owned under the trusteeship of the Trustees of the Internal Improvement Fund. Under the provisions of § 253.12(1), Fla. Stat., F.S.A., such lands may be sold, subject to compliance with the terms of the act, only "to the upland riparian owner and to no other person, firm or corporation." The record conclusively indicates that the present condemnation suit is the most recent action in an intensive campaign waged by the appellant to block acquisition of these bay bottom lands by the appellees. By condemning the appellees' land for the alleged purpose of extending Bayshore Drive, the appellant sought to achieve its real purpose  acquisition of fee simple title to the appellees' lands and the riparian right to purchase contiguous bay bottom land under the provisions of § 253.12(1), supra. In this connection it may be noted that the appellees' offer of a permanent easement for road building purposes, without charge, on condition that appellant refrain from interfering with their attempts to acquire bay bottom lands, was rejected. In the light of these facts, we agree with the trial court's conclusion that this action was brought in bad faith, amounted to a gross abuse of discretion, and should have been dismissed. See Adams v. Housing Authority of City of Daytona Beach, Fla. 1952, 60 So.2d 663; Inland Waterway Develop. Co. v. City of Jacksonville, Fla. 1948, 38 So.2d 676; and Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488.
Accordingly, the judgment appealed is affirmed.
Affirmed.