198 So.2d 368 (1967)
William B. CLARK and Wife, Grace Carr Clark, Petitioners,
v.
GULF POWER COMPANY, a Corporation, Respondent.
No. I-229.
District Court of Appeal of Florida. First District.
April 20, 1967.
*370 Isler & Welch, Panama City, for petitioners.
Thomas Sale, Jr., and Mercer P. Spear, Panama City, for respondent.
RAWLS, Chief Judge.
This proceeding in eminent domain was instituted by Gulf Power Company seeking right of way easements for the construction and operation of an electrical transmission line. Gulf Power, concurrently with filing its petition in eminent domain, filed a declaration of taking as authorized by Chapter 74, Florida Statutes, F.S.A. Petitioners Clark, owners of part of the land in Bay County, Florida, involved herein, filed their objections which were overruled by the trial judge in entering his order of taking. We entertain the instant petition for common law certiorari to review said order upon the authority of Crouse v. Canal Authority, Case No. I-332, not yet reported.
Petitioner poses three pertinent points: 1. Is it error to enter an order of taking when the petition in eminent domain does not clearly show that the petitioner is properly exercising its delegated power? 2. May a public utility use the power of eminent domain solely for the purpose of constructing a transmission line to be used for supplying electrical current to users outside the State of Florida? 3. May an order of taking grant to the condemnor the right of ingress and egress not only over public roads but also over existing private roads and "at such other points or places as may reasonably and conveniently provide access to the right of way" acquired? We combine points 1 and 2.
No person shall be "* * * deprived of life, liberty, or property, without due process of law * * *."[1] "No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner * * *."[2] Thus, the power of eminent domain vested in the sovereign may, by the provisions of our Constitution, be delegated to a private corporation to exercise for a public use. Here, the critical question which must be answered in a petition by a private corporation seeking to exercise this power of seizing the private property of individuals in a quick proceeding is, Is it clearly alleged that the property sought will be put to a public use? Both parties agree that the use, if any, is stated in Paragraph II of the eminent domain petition which alleges:
"That Petitioner is engaged in, and is organized for the purpose, among other things, of constructing, maintaining, and operating public works, viz., plants and works for the production, generation, transmission and distribution of electric current for light, heat and power, and electric transmission and distribution lines, poles, towers, and wires, and for the selling, furnishing, supplying and distributing of electric current for light, heat and power to the public, and owns such plants and works and is engaged in such business and supplying such current in said County of Bay and elsewhere in the Western portion of the State of Florida, and for this purpose of supplying the public convenient to its distribution systems in the Western portion of Florida with current for light, heat and power, and for the purpose of connecting its power lines and facilities from the Lansing Smith Steam Plant in Bay County, Florida, in a northwesterly and westerly direction to its Shoal River Substation in Okaloosa County, Florida, and for the purpose of connecting its power line facilities from the Lansing Smith Steam Plant in a northeasterly direction to the Georgia State line for connection *371 with facilities of Georgia Power Company continued on to Thomasville, Georgia."
A close analysis of the quoted allegation reveals that the eminent domain petition alleges the general purposes for which Gulf Power was organized and operates. There is a total absence of any allegation stating the actual use to be made of the Clark's property, or that the contemplated transmission line will be of any benefit to any citizen of Florida, or that any "public purpose" will be accomplished by the seizure of the Clark's property. The Clarks contend that the location of their property and the route of the right of way sought is such that if any use is stated in the above quoted allegation that could be applicable to their property, it is, "* * * for the purpose of connecting its power line facilities from the Lansing Smith Steam Plant in a northeasterly direction to the Georgia State line for connection with facilities of Georgia Power Company continued on to Thomasville, Georgia."
Public utilities have been granted by statute the right of eminent domain. When the exercise of this right is used against an individual to divest him of his property against his will, strict compliance of the law is required.[3] Section 73.021, Florida Statutes, F.S.A., requires that the petition in eminent domain set forth the use for which the property is to be acquired and that the property is necessary for that use. The constitutional guarantee of due process and prohibition of the taking of private property without full compensation decree that the use for which the property is taken must be a public use[4]  that is, one which is fixed and definite, in which the public has an interest, and the terms and manner of its enjoyment must be within the control of the state.[5] In order to determine whether the use is a public one, it must be alleged in sufficient detail to allow a judicial determination of the sufficiency of the pleadings and of the question of proper exercising of the delegated authority.[6] Therefore, the use which will be made of the property must be alleged in terms specific enough to determine if same constitutes a public use. The allegations of the instant petition failed to meet the requirements of Section 73.021 and failed to set forth the facts necessary for the trial judge to determine whether petitioner is properly exercising its delegated authority prior to entering the order of taking as required by Section 74.051.
The only allegation stated in terms specific enough to meet this statutory requirement is that part alleging the connection of Gulf Power's steam plant with Georgia Power's facilities. Assuming that the eminent domain petition clearly alleged that this was the use to which the Clark's property would be put, still the pleadings are insufficient. The sovereign's power of eminent domain, whether exercised by it or delegated to another, is limited to the sphere of its control and within the jurisdiction of the sovereign. A state's power exists only within its territorial limits for the use and benefit of the people within the state. Thus, property in one state cannot be condemned for the sole purpose of serving a public use in another state. Conjecture might be made that electrical current generated in Georgia will flow into Florida for the benefit of Florida citizens and vice versa; however, the pleading before us indicates that a one way transmission line is contemplated from which the citizens of Florida will not derive one iota of benefit.
The third question concerns the propriety of the trial court to grant to the condemnor blanket rights of ingress and egress. The *372 petition sought and the order of taking granted to the condemnor unlimited rights of ingress and egress at any point or places "as may reasonably and conveniently provide access to the right of way," and the right to use all existing and future private roads without specifying which roads it intends to use, the number of access ways needed, nor the directions from which access will be necessary. Other portions of the petition and order of taking indicate that the access ways may be extensively used since these documents state that access will be necessary to construct and maintain the transmission line, to keep the right of way clear of brush and trees, to patrol, inspect, repair, rebuild or remove transmission line facilities, to increase the number and size of wires and voltage, and to install the necessary equipment to accomplish same.
Section 73.021 requires the condemnor in its petition to state the interest in the property which it intends to acquire and a description identifying the property. If the condemnor desires to obtain a way of necessity over the landowner's property other than over public roads, the petition in eminent domain must so state and describe with particularity the extent of the need. Right of access is an incident to the public use and imposes an additional burden on the property owner just as does the granting of a license to the condemnor to cut danger trees. We are unable to distinguish the blanket right of access awarded to the condemnor in the case sub judice from the decisions in Florida Power Corporation v. Wenzel and Florida Power Corporation v. Griffin[7] which held that as an incident to the power of eminent domain the condemnor may be granted a license to cut trees, which are or may become a danger to a transmission line, even though such trees are situated outside the right of way to be acquired. These Florida Power cases clearly hold that the authority to grant such a license is dependent upon the petition specifically describing the actual existing trees to be cut or describing the land upon which the condemnor anticipates the cutting of future trees.
An unlimited right of access is akin to an unlimited right to cut danger trees in that both are outside the right of way to be acquired, both increase the burden on the property, and both are an incident to the public use. It is conceivable that the condemnor in the case sub judice anticipates extensive use by heavy mobile equipment over one or more existing or nonexisting access ways and that such use could be a much greater burden upon the landowner than a blanket right to cut danger trees. Therefore, we hold that the acquisition of access ways are limited by the same restrictions as govern the granting of a license to cut danger trees.
The first question is answered in the affirmative and the other two in the negative.
Appellant has filed a petition for attorney's fees. We decline to pass upon same in contemplation that the lower court will take into consideration these proceedings in making its final award.
The order of taking is reversed and the cause remanded.
Reversed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.
NOTES
[1] Section 12, Declaration of Rights, Florida Constitution, F.S.A.
[2] Section 29, Article XVI, Florida Constitution.
[3] Marvin v. Housing Authority of Jacksonville, 133 Fla. 590, 183 So. 145 (1938).
[4] Ibid.; Osceola County v. Triple E Development Co., 90 So.2d 600 (Fla. 1956).
[5] Demeter Land Co. v. Florida Public Service Co., 99 Fla. 954, 128 So. 402 (1930).
[6] Section 74.051, Florida Statutes, F.S.A.
[7] Florida Power Corp. v. Wenzel, 113 So.2d 747 (Fla.App.2d, 1959); Florida Power Corp. v. Griffin, 144 So.2d 104 (Fla. App.2d, 1962).