CARROLL, DONALD K., Acting Chief Judge.
The defendant landowners in eminent domain proceedings have petitioned us for a writ of certiorari, seeking our review and quashal of an order of taking entered by the Circuit Court for Putnam County.
The basic question presented for our determination in these certiorari proceedings is whether, when the State Legislature has delegated to a quasi-public utility corporation the power of eminent domain, the Circuit Court has jurisdiction of the eminent domain proceedings when the said corporation has failed by appropriate resolution to set forth the estate or interest in the land which the corporation seeks to acquire by the condemnation proceedings.
The petitioner in condemnation, the respondent herein, is a Florida corporation organized for the purpose of constructing, maintaining, and operating public works— that is, electrical transmission and distribution lines, for the purpose of providing electrical service to the petitioner’s customers. The respondent possesses the right of eminent domain by virtue of the provisions of Chapters 73, 74, and 361, Florida Statutes, F.S.A., and Article X, Section 6(a), of the Florida Constitution of 1968, F.S.A.
Section 361.01, Florida Statutes, F.S.A., provides that the “president and directors of any corporation organized for the purpose of constructing, maintaining or operating public works, or their properly authorized agents” may appropriate lands needed in their business through eminent domain.
Section 73.021 provides that a petition in condemnation “shall set forth”, among other things, “The estate or interest in the property which the petitioner intends to acquire. * * *”
Article X, Section 6(a) of the Florida Constitution of 1968, provides as follows:
“No private property shall be taken es-cept for a public purpose and with full compensation therefor paid to each own *287 er or secured by deposit in the registry of the court and available to the owner.”
In the case at bar the resolution adopted by the Board of Directors of the respondent authorizing the filing of the instant eminent domain proceedings, is completely silent as to the estate or interest to be taken in the defendants’ lands. On the other hand, the respondent’s petition, signed by its attorney, alleges that it seeks an easement for the construction, operation, and maintenance of certain electric transmission and distribution lines, reserving to the owners the right to use the lands for agricultural and other purposes, except as might interfere with the respondent’s use, but no part of the lands shall be excavated or altered except by the respondent’s permission, etc. A description of or reference to such an easement is lacking in the above resolution of the respondent’s Board of Directors.
The case at bar is, we think, governed by the principles recognized by this court in Clark v. Gulf Power Co., 198 So. 2d 368 (Fla.App.1967), involving an eminent domain proceeding to obtain right-of-way easements for the construction and operation of an electrical transmission line. The Circuit Court entered a judgment for the condemnor. We reversed the judgment and said:
“Public utilities have been granted by statute the right of eminent domain. When the exercise of this right is used against an individual to divest him of his property against his will, strict compliance of the law is required. Section 73.-021, Florida Statutes, F.S.A., requires that the petition in eminent domain set forth the use for which the property is to be acquired and that the property is necessary for that use. The constitutional guarantee of due process and prohibition of the taking of private property without full compensation decree that the use for which the property is taken must be a public use — that is, one which is fixed and definite, in which the public has an interest, and the terms and manner of its enjoyment must be within the control of the state. In order to determine whether the use is a public one, it must be alleged in sufficient detail to allow a judicial determination of the sufficiency of the pleadings and of the question of proper exercising of the delegated authority. Therefore, the use which will be made of the property must be alleged in terms specific enough to determine if same constitutes a public use. The allegations of the instant petition failed to meet the requirements of Section 73.021 and failed to set forth the facts necessary for the trial judge to determine whether petitioner is properly exercising its delegated authority prior to entering the order of taking as required by Section 74.051.”
As quoted above, another provision of Section 73.021, Florida Statutes, F.S.A., requires that a petition in condemnation “shall set forth,” among other things, “The estate or interest which the petitioner intends to acquire. * * *”
In Brest v. Jacksonville Expressway Authority, 194 So.2d 658 (Fla.App. 1967), we pointed out:
“The exercise of the power of eminent domain is one of the most harsh proceedings known to law and therefore, when the sovereign delegates the power to a political unit or agency a strict construction will be given against the agency asserting the power.”
The essence of the appellants’ contention is that, while the above-quoted statutory and constitutional provisions endow certain quasi-public corporations with the harsh power to take private property through eminent domain proceedings, the determination as to the necessity for such a taking and as to the estate or interest to be taken must be made by the corporation itself (that is, by its Board of Directors by resolution) and cannot legally be delegated to an attorney or employee. We think this contention is sound.
*288 In the recent case of Canal Authority v. Miller, 243 So.2d 131 (Fla. 1970), the Supreme Court of Florida said:
“It is equally well recognized, however, that an acquiring authority will not be permitted to take a greater quantity of property, or greater interest or estate therein, than is necessary to serve the particular public use for which the property is being acquired. Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527 (1929); Staplin v. Canal Authority, 208 So.2d 853 (1st D.C.A.Fla.1968).
“In order to insure the property rights of the citizens of the state against abuse • of the condemning authority’s power it is imperative that the necessity for the exercise of the eminent domain power be ascertained and established. This is ultimately a judicial question to be decided in a court of competent jurisdiction. Wilton v. St. Johns County, supra-, Spafford v. Brevard County, 92 Fla. 617, 110 So. 451 (Fla. 1926); Robertson v. Brooksville & I. Ry„ 100 Fla. 195, 129 So. 582 (Fla.1930).
“As mentioned in Robertson, supra, the eminent domain power is limited by virtue of the statute itself (Fla.Stat. chaps. 73, 74, F.S.A.) to those properties which are necessary for the purpose in question. Thus, proof of necessity is a condition precedent to the valid exercise of the power. It is not an affirmative defense to allege a lack of necessity.’
“Fla.Stat. § 73.021 (1969) :
“ ‘Those having the right to exercise the power of eminent domain may file a petition therefore in the circuit court of the county wherein the property lies, which petition shall set forth:’
“‘(1) * * * the property is necessary for that use;’ ” (Emphasis supplied)
It should be reiterated here that Item (3) in the last quoted statutory provision reads: “The estate or interest in the property which the petitioner intends to acquire;”
On the question of the legality of the respondent’s delegation of the power of eminent domain to its attorney or employee, the defendants herein cite the decision of the Virginia Supreme Court of Appeals in Ruddock v. City of Richmond, 165 Va. 552, 178 S.E. 44 (1935), that court holding:
“If the resolution of the city council is an attempt to delegate the power of eminent domain to the city attorney, such delegation cannot be justified under Section 19 — f of the City Charter, nor under the general law of the land.
“In the petition, the quotation taken from 10 R.C.L. under the title, Eminent Domain, § 158, is a clear statement of the law on the subject of delegating the power of eminent domain. The latter part of the section follows: ‘When the power of selecting property to be taken for a public use is granted by the legislature to a particular board of public officers it must be exercised by them personally; the officers cannot delegate to an engineer or other subordinate the discretion conferred on them by law.’ The case of Lyon v. Jerome, 26 Wend.(N. Y.) 485, 37 Am.Dec. 271, is cited to support the text.”
For the foregoing reasons we are of the opinion that in entering the order of taking which is the subject of these certiorari proceedings, the Circuit Court departed from the essential requirements of the law. The writ of certiorari is, therefore, granted, the said order is quashed, and this cause is remanded with directions to dismiss these eminent domain proceedings without prejudice.
It is so ordered.
RAWLS, J., and VANN, HAROLD R., Associate Judge, concur.