293 So.2d 66 (1974)
CITY OF LAKELAND, Florida, a Municipal Corporation, Appellant,
v.
William O. BUNCH et al., Appellees.
No. 44509.
Supreme Court of Florida.
April 3, 1974.
J.H. Roberts, Jr., City Atty., and Stephen C. Watson, Asst. City Atty., Lakeland, for appellant.
Jan. L. King, Lakeland, for appellees.
Robert L. Shevin, Atty. Gen., and Raymond W. Gearey, Asst. Atty. Gen., for intervenor.
Ralph A. Marsicano, and Burton M. Michaels, Tallahassee, for amicus curiae, Fla. League of Cities, Tampa, Inc.
HENDRY, Judge, District Court of Appeal.
The City of Lakeland, appellant herein, seeks review of a final judgment of the trial court finding Florida Statutes, Sections 73.021, 73.031, 74.031 and 74.041, F.S.A. to be unconstitutional. We have jurisdiction pursuant to Article V, § 3(b)(1), Florida Constitution, F.S.A.
The City filed in the trial court a petition for condemnation of the appellees' property, a declaration of taking, a summons to show cause directed to the appellees, and a notice of hearing. Copies of two resolutions, No. 1738, authorizing eminent domain proceedings, and No. 1768, authorizing proceedings under Chapter 74, Florida Statutes, passed by the Lakeland City Commission, were likewise filed with the trial court. On September 26, 1973, the trial judge, following a hearing on the order of taking, entered the final judgment *67 now appealed. The judgment rendered the two city resolutions null and void; quashed the declaration of taking and denied the petition for condemnation; and taxed costs and attorney's fees against the petitioner-City.
In determining that the four statutes hereinabove cited are unconstitutional, the court ruled that they violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution, F.S.A. The court stated that the summons to show cause directed to the defendants, as provided by Section 73.031, had the effect of shifting the burden of proof to the condemnees, while the petitioner-City comes into the court proceeding already clothed with a presumption of correctness, proper purpose, and necessity of taking.
In addition, the court found that Florida case law clearly indicates that when the City Commission acts in eminent domain matters, it is acting as an administrative body, citing this court's decision in Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527 (Fla. 1929). Therefore, the court concluded that a potential condemnee is entitled to minimal elements of administrative due process: notice of the case against him; presentation of evidence favorable to his case; confrontation of adverse witnesses; and challenge to the applicability of any rule or policy involved in his case.
Finally, the trial court stated that the decision-making power of the City Commission, when it determines in the first instance to take a landowner's property prior to final judgment, is exerted without a requirement of notice to the landowner and an opportunity for him to be heard. Thereafter, when the city's petition to condemn is filed in court, nothing concerning the city's decision-making power is at issue (except fraud or bad faith which must be proven by the landowner) inasmuch as, Florida Statute 74.051(1) F.S.A. only permits certain specific issues to be raised in court. The court indicated that the statutory procedure therefore is contrary to the holdings of the United States Supreme Court in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).
We have given careful consideration to the briefs of counsel for the parties and for the amicus curiae and to arguments of counsel and are compelled to the conclusion that the trial court was in error. Adequate and meaningful procedural safeguards are provided within the statutes at issue in this case to insure due process of law to property owners whose land is subject to a taking by a condemning authority.
In Fuentes v. Shevin, supra, relied on heavily by the appellees, the United States Supreme Court held that provisions of the Florida and Pennsylvania prejudgment replevin law denied due process of law to the possessor of chattels because they permitted a deprivation of property prior to affording the possessor an opportunity to be heard. The court specifically stated that its holding was "a narrow one," and this court has recently declined to extend the holding in Fuentes. Northside Motors of Florida, Inc. v. Brinkley, 282 So.2d 617 (Fla. 1973). The statutes in Fuentes were held constitutionally defective because they failed to provide a right to notice and a hearing "at a meaningful time." The court said:
"The issue is whether procedural due process in the context of these cases requires an opportunity for a hearing before the State authorizes its agents to seize property in the possession of a person upon the application of another." 407 U.S. at p. 80, 92 S.Ct. at p. 1994.
Likewise, in Goldberg v. Kelly, supra, the U.S. Supreme Court held that a welfare recipient was entitled to notice and a hearing prior to the termination of benefits. Therein, the court stated:
"The constitutional issue to be decided, therefore, is the narrow one whether the *68 Due Process Clause requires that the recipient be afforded an evidentiary hearing before the termination of benefits." 397 U.S. at p. 260, 90 S.Ct. at 1016.
In the context of a proceeding in eminent domain, we do not think the holdings in Fuentes and Goldberg are applicable. We think that the Florida procedure as outlined within the challenged statutes does provide a landowner with adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner. A reading of Florida Statutes, Sections 74.051 and 74.061, F.S.A., clearly reveals that a property owner is afforded notice and a hearing prior to an order of taking and prior to the time when either possession or title may vest in the condemning authority. Florida Statute § 74.051(1) F.S.A., entitled "Hearing on order of taking," provides:
"(1) On the date specified in the notice of hearing, all parties may appear and be heard on all matters properly before the court which must be determined prior to the entry of the order of taking, including the jurisdiction of the court, the sufficiency of pleadings, whether the petitioner is properly exercising its delegated authority, and the amount to be deposited for the property sought to be appropriated."
In addition, Fla. Stat. § 73.021 F.S.A., requires that in the petition for condemnation the condemnor must state "[T]he authority under which and the use for which the property is to be acquired, and that the property is necessary for that use."
In the opinion of the trial judge and the appellees herein, these statutes fail to provide the property owner with a meaningful hearing prior to entry of an order of taking of private property because previous case law indicates that the burden of proof is put upon the condemnee to "show cause" why his property should not be taken. It is true that prior cases have enunciated the principle that great weight should be given to the decision by a condemning authority that a necessity exists to condemn private property for a public purpose. Hillsborough County v. Sapp, 280 So.2d 443 (Fla. 1973); City of Miami Beach v. Rott, 94 So.2d 173 (Fla. 1957); Sibley v. Volusia County, 147 Fla. 256, 2 So.2d 578 (Fla. 1941); Wilton v. St. Johns County, supra.
The rule in part has evolved because the power of eminent domain is inherent in the sovereignty of the state, is absolute except as restrained by the Constitution, and is essentially legislative in character. City of Miami Beach v. Cummings, 266 So.2d 122 (Fla.App.3d 1972); see also, McQuillin, Municipal Corporation, Vol. 11, § 32.02, pp. 267-269. However, our courts also have recognized that the power of eminent domain is one of the law's most harsh proceedings, and when the sovereign undertakes to condemn private property, it must do so only for a public purpose in order to protect an individual's due process rights respecting private property. Brest v. Jacksonville Expressway Authority, 194 So.2d 658 (Fla.App.1st, 1967), aff. 202 So.2d 748 (Fla.); Clark v. Gulf Power Co., 198 So.2d 368 (Fla.App.1st, 1967); Article X, § 6(a), Florida Constitution, F.S.A.
Accordingly, it has long been the rule that the necessity for the exercise of the eminent domain power is ultimately a judicial question for the courts. Wilton v. St. Johns County, supra; Robertson v. Brooksville & I. Ry., 100 Fla. 195, 129 So. 582 (1930); Spafford v. Brevard County, 92 Fla. 617, 110 So. 451 (1926). In Canal Authority v. Miller, 243 So.2d 131 (Fla. 1970), this court stated:
"The question of necessity thus boils down to two separate and distinct phases. Initially the condemning authority is obligated by statute to show a reasonable necessity for the condemnation. Once this is shown the landowner must then either concede the existence of a necessity or be prepared to show bad faith or abuse of discretion as an affirmative defense. However, if the condemning authority *69 never shows a reasonable necessity initially, then the petition under Fla. Stat. § 73.021, F.S.A., fails and the landowner has no need to come forward with affirmative defenses." (Emphasis ours)
And, in Ball v. City of Tallahassee, 281 So.2d 333 (Fla. 1973), Mr. Justice Dekle, on behalf of this court, amplified upon the respective positions of the parties in a court proceeding involving the power of eminent domain as follows:
"Preliminary sufficient evidence of necessity of taking is initially required of the condemning authority before any burden shifts to the landowner. To hold otherwise would be contrary to the proof required in all other cases. Any plaintiff must initially prove the several essential elements of his case."
We think these recent cases make it clear that the condemnee-landowner does not enter a court of law with the burden of proof. The condemning authority initially must come forward with proof that there is a public purpose for the taking and a reasonable necessity that the land in question is being taken for the contemplated public use. Prior cases on eminent domain proceedings in this state also indicate that the hearing on an order of taking is quite meaningful. Brest v. Jacksonville Expressway Authority, supra; Clark v. Gulf Power Co., supra; City of Miami v. Wolfe, 150 So.2d 489 (Fla.App.3d 1963); Seadade Industries, Inc. v. Florida Power and Light Co., 232 So.2d 46 (Fla.App.3d 1970), modified, 245 So.2d 209 (Fla. 1971); City of Miami Beach v. Manilow, 232 So.2d 759 (Fla.App.3d 1970).
Appellees argue that in order for property owners to be afforded procedural due process, it is essential to carry forward the requirement for notice and a hearing to some time unspecified when the City Commission as a policy matter is considering condemnation. This procedure, appellees contend, would minimize what in the Fuentes opinion was referred to as "substantially unfair or mistaken deprivations of property."
The appellees point out that often the power of the state under threat of condemnation coerces surrounding landowners to sell to the government at a city-appraised value. This in turn adversely affects the landowner who holds out without an opportunity for a hearing and whose business was dependent on these surrounding landowners. In addition, after a city resolution authorizes the city attorney to seek condemnation in court, the value of the landowners' property may diminish before he may be heard in court due to the adverse publicity. In certain instances, these things may in fact occur, as they might in other civil proceedings. However, we do not think this denies the landowners due process of law.
As the appellant correctly notes, the city's decision-making proceedings are open to the public, and there in fact may be numerous opportunities for affected property owners to be heard before the city decides to condemn. Moreover, we agree with the city's argument that to require the procedure advocated by the appellees in this case would in certain instances allow for appellate review prior to the time the city institutes its petition for condemnation. Such a dichotomy of legal procedures would in all likelihood result in burdensome and prejudicial delay to a condemning authority to the detriment of the public interest.
The trial judge concluded that a requirement of notice and an opportunity to be heard must be afforded the condemnee at an earlier time than that provided for in Chapters 73 and 74, Florida Statutes. Relying on the Wilton decision, the court stated that the City Commission acts in eminent domain matters as an administrative body, and therefore must provide to landowners the minimal elements of due process which exist in any contested administrative *70 proceeding. In our view, the court has characterized the nature of the City Commission's function in eminent domain matters in an incorrect manner.
In Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135 (1919), the U.S. Supreme Court described the decision-making phase of an eminent domain proceeding with the following language:
"Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the state may designate. They are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the Fourteenth Amendment." [Emphasis supplied.]
Notice and an opportunity to be heard are afforded a potential condemnee in court under the Florida statutory procedure prior to any change in possession or title. This procedure clearly provides due process of law to an aggrieved landowner before any taking of property is accomplished.
Therefore, for the reasons stated and upon the authorities cited and discussed, the final judgment appealed is reversed and the cause remanded with instructions to conduct further proceedings not inconsistent with this decision.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and McCAIN, JJ., concur.
ERVIN, J., specially concurs with opinion.
ERVIN, Justice (specially concurring):
I concur in the well-written opinion of Judge Hendry, with possibly one minor exception. If Ball v. City of Tallahassee, supra, is intended by the majority herein to mean that a condemnor is required to make a prima facie evidentiary case where there is no denial of the allegations of the necessity of the taking by the condemnee, then I think such view is mistaken. It is only when a condemnee well pleads appropriate defense facts, e.g., claiming fraud or bad faith on the part of condemnor that the latter is required to make a prima facie evidentiary showing of the necessity for the taking and ordinarily then all that is necessary is for the condemnor to introduce into evidence its resolution of condemnation or taking in order to shift the burden to the condemnee to show otherwise. Of course, the trial judge in order to satisfy himself of the necessity for the taking, may require further showing of necessity by the condemnor than the resolution of the taking and the presumption of regularity and good faith created thereby. Moreover, the trial judge determines all questions of law, including the legal sufficiency of the showing of necessity. If after the prima facie showing of the condemnor of necessity the condemnee comes forward with competent evidence which prima facie supports his defenses, e.g., fraud, or bad faith as to necessity, it then becomes incumbent upon the condemnor to introduce competent evidence in rebuttal in addition to the condemnation resolution.
All questions concerning necessity of the taking are decided by the trial judge in limine; the jury's functions in an eminent domain case being restricted to determination of the compensation to be awarded for the land or interest taken. Cf. Wilton v. St. Johns County (Fla. 1929), 123 So. 527, text 531 and 532.