WALDEN, Judge.
Eminent Domain proceedings. The trial court denied the property owners’ Motion to Dismiss the condemning authority’s Amended Complaint and to strike the condemning authority’s Amended Declaration of Taking. The trial court went on to enter the Order of Taking. Based on these *782 decisions the property owners sought this Court’s common law writ of certiorari. We grant the writ and quash the orders in question.
The first question challenges the condemning authority’s power to condemn a rest area for a limited access highway. The property owners’ position is that the source of the power is found in Fla.Stat. § 337.27 (1973), and that rest areas are not there specified. We need not decide that point as there is an alternate source, Fla. Stat. § 338.04 (1973), which empowers the acquisition of property for limited access facilities. It is our opinion that rest areas qualify as a limited access facility and we so hold.
The second question:
Where a proceeding in eminent domain is dismissed for want of jurisdiction in the Court to hear and maintain such proceeding by reason of a defective and insufficient Resolution of Necessity by the governing head or body of the condemnor, can the cause be revived and jurisdiction created by an Amended Complaint to which is attached a Resolution adopted subsequent to the date of the initial institution of the proceedings.
The setting is correctly projected in the property owners’ brief, “[u]pon the initial institution of these proceedings Respondent filed its Complaint seeking the fee title in Petitioners’ land it designated as Parcel No. 112.
“In due course the proceedings were dismissed upon a finding that the Resolution of the Secretary of Transportation made and adopted May 22, 1974, was insufficient to confer jurisdiction upon the Court to hear and entertain the proceedings with leave granted to Respondent to amend as it might be advised.
“Thereafter Respondent filed its Amended Complaint to which was attached a new Resolution made by the Secretary of Transportation on September 11, 1974, which was subsequent to the filing of the original Complaint.
“The question, therefore, is squarely present of whether the proceedings having once been dismissed for want of jurisdiction can be revived and can jurisdiction be created by the filing of an Amended Complaint to which is attached a resolution subsequently adopted on September 11, 1974.”
The issue is governed by Tosohatchee Game Preserve, Inc. v. Central and Southern Fla. Flood Control District, 265 So.2d 681 (Fla.1972), see also Gulf Power Co. v. Stack, 296 So.2d 572 (1st DCA Fla. 1974). In Tosohatchee it was held that in order to withstand a motion to dismiss a petition in condemnation must be accompanied by an authorizing resolution adopted prior to the initiation of eminent domain proceedings. Applying this principle, we recall that the original resolution made prior to the filing of the condemnation proceedings was deemed insufficient. The authority, after the filing of the proceedings, adopted a new amended resolution and it is thereon that it rests its right to condemn.
While we dislike the result we reach, as it prefers form over substance, we feel bound under Tosohatchee to order the dismissal of the cause, even though it will likely result simply in the mere filing of a new proceeding with its resolution in satisfactory sequence.
The condemning authority has invited us in several ways to distinguish Tosohatchee —and we were tempted. However, upon consideration, we became convinced that in the long run it would be more desirable to have an absolute and clear method of procedure rather than a muddy and uncertain standard for trial court use.
In conclusion, we hold:
1. The Respondent has the authority to condemn property for use as a rest area incident to a limited access highway. Fla. Stat. § 338.04 (1973).
*783 2.The proceeding must be dismissed because the Resolution of Necessity was adopted subsequent to the initiation of the eminent domain proceedings. Tosohatchee Game Preserve, Inc. v. Central and Southern Fla. Flood Control District, supra.
The petition for certiorari is granted; the orders in question are quashed; and the cause is remanded with instructions to dismiss the proceeding.
It is so ordered.
CROSS and DOWNEY, JJ., concur.