PER CURIAM.
Florida East Coast Railway Company (FEC), appellant, seeks reversal of an order of taking of three parcels of land by the City of Miami for use as a public park in an eminent domain proceeding initiated pursuant to the “quick taking” provision of Chapter 74, Florida Statutes (1975).
A brief history of this protracted litigation reflects that on June 18, 1971 the Miami City Commission adopted resolution no. 42,569 directing the city attorney to institute condemnation proceedings to acquire a 33-acre tract of land owned by the FEC located on the east side of Biscayne Boulevard for public purposes and, pursuant thereto, on September 3 the City filed a petition in eminent domain with a legal description of the 33-acre tract attached. On September 9 the city commission passed resolution no. 42,745 determining the necessity for the taking of the 33-acre tract for use as a public park and directing the condemnation of the property with a legal description attached. Then, on September 14 the City filed amendments to its eminent domain petition with the September 9 resolution no. 42,745 attached and a notice of lis pendens. In response, FEC on October 18 filed an answer and counterclaim contesting the City’s right to condemn the property. This issue was litigated to our Supreme Court which in the latter part of 1975 ruled in favor of the City. See Florida East Coast Railway Co. v. City of Miami, 321 So.2d 545 (Fla. 1975). After remand of the cause to the trial court, FEC in December 1975 filed a motion for leave to file an additional defense on subject matter jurisdiction. The motion was granted and on December 29 FEC filed an amended defense of lack of jurisdiction over the subject matter for the reasons that (1) the City in its petition in eminent domain filed September 3, 1971 failed to set forth the authority under which the property is to be acquired and the necessity of the public purpose for which that property is sought as required by law; and (2) the authorizing resolution (42,569) of the City attached to the petition was insufficient as a matter of law.[1] The trial court dismissed the cause and granted the City leave to file an amended complaint within 10 days. No appeal was taken from this order and the City on January 23, 1976 *623 filed an amended petition and attached the original June 18, 1971 authorizing resolution (no. 42,569) together with a legal description of the 33-acre tract sought to be taken. On January 28 FEC responded with a motion to dismiss for the failure of the City to attach to its petition a proper authorizing resolution in that the attached resolution of June 18, 1971 failed to adequately set forth (1) the necessity for the taking of the property, (2) for what public purpose the property is to be taken, (3) the estate and interest to be taken and (4) the legal description of the property. After a hearing the trial court denied this motion on March 4, 1976.[2] Also, on March 4 the City of Miami Commission passed resolution no. 76-275 authorizing the city attorney to proceed with a declaration of taking only as to three non-contiguous parcels[3] (designated as A, B and C respectively) of the original 33-acre tract with a legal description of the entire tract attached. On March 19 the City filed an amended declaration of taking seeking only parcels A, B and C with a legal description of each parcel and the March 4 resolution no. 76-275 attached. On April 8, 1976 a hearing was held on the March 19 amended declaration of taking and FEC again raised the jurisdictional question. Thereafter, on April 22, 1976 the trial court entered an order of taking as to these three parcels for the use of the City upon the City’s depositing the sum of $3,360,000 into the registry of the court. In this April 22 order the court expressly recited that it had jurisdiction of the proceedings. FEC appeals the order of taking.
FEC first contends that the trial court lacked jurisdiction over this cause because the City’s amended petition of January 23, 1975 fails to show the adoption of a proper resolution authorizing the action prior to the filing of the January 1976 petition and this jurisdictional defect could not be cured by the subsequently adopted resolution of March 4, 1976.
The established law is that a petition in condemnation must be accompanied by an authorizing resolution adopted prior to the initiation of eminent domain proceedings. See Section 73.021, Florida Statutes (1975); Tosohatchee Game Pres., v. Central & So. Fla. Fl. C.D., 265 So.2d 681 (Fla. 1972); Gulf Power Company v. Stack, 296 So.2d 572 (Fla. 1st DCA 1974); Salfi v. Division of Admin., State Dept. of Transp., 312 So.2d 781 (Fla. 4th DCA 1975). In addition, the authorizing resolution must set forth, inter alia, the use for which the property is to be acquired and that the property is necessary for that use, an adequate description of the lands sought to be taken, and the estate or interest in the property which the condemnation authority intends to acquire. See Section 73.021, Florida Statutes (1975), supra; City of Miami v. Wolfe, 150 So.2d 489 (Fla. 3d DCA 1963): Chalmers v. Florida Power & Light Company, 245 So.2d 285 (Fla. 1st DCA 1971). Resolution no. 42,569, passed and adopted by the City on June 18, 1971, attached to the City’s amended petition of January 23, 1975 reads in toto:
$ Sf! ijt S}{ Sfc Sfc
“RESOLUTION NO. 42569
“A RESOLUTION AUTHORIZING AND DIRECTING THE CITY ATTORNEY TO INSTITUTE CONDEMNATION PROCEEDINGS TO ACQUIRE FOR PUBLIC PURPOSES APPROXIMATELY 33 ACRES OF LAND OWNED BY THE F.E.C. RAILWAY COMPANY ON THE EAST SIDE OF BISCAYNE BOULEVARD IN THE DOWNTOWN AREA OF THE CITY OF MIAMI ,
“BE IT RESOLVED BY THE COMMISSION OF THE CITY OF MIAMI, FLORIDA:
“That the City"Attorney is hereby directed to institute condemnation proceedings to acquire for public purposes approximately 33 acres of land owned by the F.E.C. Railway Company on the east side of Biscayne Boulevard in the Downtown area of the City of Miami.
*624 “PASSED AND ADOPTED this 18th day of June, 1971.”

This resolution is grossly inadequate as it fails to set forth the necessity for the taking of the property, the public purpose for which the property is to be taken, the estate or interest to be taken and a legal description of the property. Thus, the trial court lacked jurisdiction to entertain the instant condemnation proceeding and erred in denying FEC’s motion to dismiss. Further, this jurisdictional defect could not be cured by any subsequently adopted resolution (i.e. resolution no. 76-275 of March 4, 1976) in that a petition in condemnation must be accompanied by an authorizing resolution adopted prior to the initiation of the eminent domain proceedings. See Tosohatchee Game Pres., supra. The proper procedure would have been for the City on March 19, 1976 to have instituted an entirely new condemnation proceeding with the prior adopted authorizing resolution of March 4 attached. See Salfi, supra.
For the reasons stated, the appealed order of taking is vacated and the cause remanded to the trial court with directions to dismiss this proceeding.
Reversed and remanded.

. This resolution is inadequate for the reasons which will be enumerated later herein.

. FEC unsuccessfully attempted to appeal this denial order by writ of certiorari.

. Consisting of approximately four acres in total.