728 So.2d 240 (1998)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
BARBARA'S CREATIVE JEWELRY, INC., a Florida corporation, et al., Appellees.
No. 97-0918.
District Court of Appeal of Florida, Fourth District.
June 24, 1998.
Pamela S. Leslie, General Counsel, and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for appellant.
Mark S. Ulmer, Miami, for appellees Barbara's Creative Jewelry, Inc. and Armando Cabrera d/b/a Cabrera Accounting Service.
Amy Brigham Boulris and Laura N. Camp of Brigham, Moore, Gaylord, Schuster Merlin & Tobin, Miami, for appellees Dorothy Murphy, Maring Bookkeeping Service, Inc., Halycon Yacht, Inc., Jeff Newman, d/b/a Jeff's Dirt Diggers, and Nails By Michelle, Inc.
WARNER, Judge.
In this eminent domain case, the Department of Transportation ("DOT") challenges a trial court order denying a "quick take" of a parcel of property in its entirety. DOT had sought condemnation of the entire parcel under section 337.27(2), Florida Statutes (1995), on the ground that a partial taking of the property would increase acquisition costs. The trial court denied the quick take because it found that there was a factual dispute as to whether the costs of acquisition of the partial parcel exceeded the cost of taking the whole *241 parcel, which dispute must be submitted to a jury for determination. Because we hold that issues of the comparative cost of acquiring the whole parcel as opposed to the partial taking are issues involving the necessity of the taking, and not issues of compensation, we reverse the trial court's order.[1]
In 1995, DOT commenced an analysis of the necessity for widening Griffin Road in Davie, Florida. After considering multiple alternatives and weighing their environmental impacts as well as whether they met DOT standards and would accommodate traffic projections, DOT developed plans to widen Griffin Road to six lanes. In connection with these plans, DOT identified that portion of appellees' property which would be utilized in the road project. The property in question consists of a one-story office building housing several tenants who operate small businesses. A partial taking of the building would bisect the building, leaving approximately 860 feet of the 2,500 foot building available. Because of the severity of the effects of the partial taking, DOT analyzed whether a condemnation of the whole property under the authority of section 337.27(2) and Department of Transportation v. Fortune Federal Savings & Loan Ass'n, 532 So.2d 1267 (Fla.1988), would save acquisition costs.
The analysis of DOT showed that the cost of the partial taking plus business damages would be more than the cost of taking the entire property. With this information, DOT filed a condemnation action seeking to take the whole property. The property owner and tenants responded, and a quick taking hearing was held. At a series of hearings, DOT presented evidence showing that the cost of a partial taking, with the necessity of rebuilding the premises and the business damages, would be almost $178,000 more than the cost of taking the whole parcel. Civil and transportation engineers testified as to the planning and design of the road project and its necessity. DOT used an MAI real estate appraiser to value the property and determine the cost of taking the real property. A business accountant testified as to the valuation of the business damages based on discovery requested of the tenants by DOT.
The property owner and tenants also presented witnesses. The owner testified that she thought the property was worth $300,000, nearly $100,000 more than the DOT appraisal. She admitted, however, that at least $40,000 of the value was due to the increase in property values in the area on account of the road widening project. The appellees' business damages expert provided an opinion of business damages for all tenants and the property owner ranging from $148,000 to $246,000.
At the hearings, the property owner and tenants claimed that the question of compensation for the taking was a question for the jury. As the relative cost of acquisition of the whole property versus a partial taking was disputed, the issue should be submitted to a jury to determine the compensation. The trial court held that where the property owner objects to the total taking of her property on the basis that the acquisition costs of the total taking will not be equal to or less than the acquisition costs of a partial taking, these issues involve elements of compensation. Therefore, pursuant to section 73.071(3), Florida Statutes (1995), jury resolution of compensation issues is required. Thus, the court denied the order of taking.
Section 337.27(2) provides as follows:
In the acquisition of lands and property, the department may acquire an entire lot, block, or tract of land if, by doing so, the acquisition costs to the department will be equal to or less than the cost of acquiring a portion of the property. This subsection shall be construed as a specific recognition by the Legislature that this means of limiting the rising costs to the state of property acquisition is a public purpose and that, without this limitation, the viability of many public projects will be threatened.
*242 In Fortune Federal, the supreme court held this statute constitutional since the reduction of the cost of property acquisition was a valid public purpose to pursue in condemnation proceedings. See 532 So.2d at 1270.
Under section 74.021, Florida Statutes (1995), DOT has the right to initiate quick taking proceedings to secure the title to property necessary for the construction of public projects. This is accomplished by the filing of a declaration of taking together with a good faith estimate of value, based on a valid appraisal, of the property sought to be taken. See § 74.031, Fla. Stat. (1995). After service on the defendants in the condemnation action, if a defendant requests a hearing, the court may determine, among other matters, whether the department is properly exercising its delegated authority and determine whether the amount to be deposited is a good faith estimate of value of the property to be taken. See § 74.051(2), Fla. Stat (1995).
In order to obtain condemnation of the property, the condemning authority must show only that there is a reasonable necessity for condemnation of the property. Once this is shown, the burden passes to the landowner to either concede the necessity or show bad faith or an abuse of discretion as to the exercise of eminent domain. See City of Lakeland v. Bunch, 293 So.2d 66, 69-70 (Fla. 1974). "The condemning authority initially must come forward with proof that there is a public purpose for the taking and a reasonable necessity that the land in question is being taken for the contemplated public use." Id. at 69. Reasonable necessity, not absolute necessity, is all that is required to be shown. See Dade County v. Paxson, 270 So.2d 455, 458 (Fla. 3d DCA 1972) (emphasis added).
The necessity for the exercise of the eminent domain power is a judicial question for the court. See Canal Auth. v. Miller, 243 So.2d 131, 133 (Fla.1970); Bunch, 293 So.2d at 68. The question of the necessity of the taking is not submitted to a jury. Neither, of course, is the validity of the public purpose for the taking since that too is a question for the court. See Fortune Fed., 532 So.2d at 1269; Canal Auth., 243 So.2d at 133.
Pursuant to Bunch, DOT bears the initial burden to show the reasonable necessity of the taking. In the instant case, DOT showed the reasonable necessity of the taking by presenting the testimony of the engineers on the road project. It further proved the public purpose, consistent with the section 337.27(2) directive to reduce acquisition costs, by providing the testimony of appraisers and business accountants. The burden then shifted to the landowner to show bad faith or an abuse of discretion on the part of DOT in its acquisition. Unless the landowner shows bad faith, the taking must be approved. The trial court's determination in this case, that the defendants presented a "viable position" that acquisition costs of the entire tract would not be equal to or less than that of the costs of a partial taking, does not amount to bad faith or an abuse of discretion on DOT's part, and the order of taking should have been confirmed.
The trial court relied upon section 73.071(1), but that section does not change our opinion since it merely states that the court shall impanel a jury and "submit the issue of compensation to them for determination." Since the jury can determine only the matter of compensation, it is clear that the judge must determine issues involving what property is to be taken in a condemnation before the matter reaches the jury. These matters are issues of necessity and public purpose which are determined by the judge. While appellees claim that the cost of acquisition is a compensation issue, we disagree in the context of section 337.27 and conclude that it is an issue of necessity and public purpose.
Recently, in Pierpont v. Lee County, 23 Fla. L. Weekly S133 (Fla. Mar. 12, 1998), the supreme court noted that a good faith estimate made for the purpose of a quick take proceeding does not establish the value of property rights and is thus not a finding of just compensation. Therefore, it follows that there is no conflict with section 73.071(1) in ordering a quick taking. The trial court's conclusions as to the issues presented under section 337.27 constitute a determination solely as to whether the condemnation will *243 amount to a total taking of the parcel or a partial taking only. Thus, the only compensation issue submitted to the jury is the value of whatever property the court determines is part of the taking characterized by the trial court. Accordingly, we disagree with the trial court that these "facts" of cost must be submitted to the jury. To do that would delegate the determination of the public purpose justification for the condemnation to the jury, which is something that we have consistently said is solely a question for the court.[2]
Moreover, in this case, as in many cases involving partial takings, the state seeks to avoid incurring the more expensive business damages in addition to the cost of the property taken. Business damages have always been construed to be a matter of legislative grace and not a constitutional right. See Texaco, Inc. v. Department of Transp., 537 So.2d 92, 94 (Fla.1989); State Department of Transp. v. Manoli, 645 So.2d 1093, 1094 (Fla. 4th DCA 1994). Therefore, if the Legislature determines that such damages should not be awarded, the landowner has lost nothing to which it is constitutionally entitled. In this case, if DOT is wrong about the difference in value between a partial taking and a whole taking, then the property owner and tenants have lost only business damages, which are only a matter of legislative grace and not a right. In the context of the statute, it is within the legislative judgment to permit the condemning authority to make those calculations so long as no bad faith is involved.
For these reasons, we reverse the order of the trial court and direct that the court enter an order of taking effective upon the posting of a good faith estimate of value of the property.[3]
Because this issue may affect condemnation proceedings across the entire state, we deem it a question of great public importance, and one whose answer is necessitated as a necessary corollary of Fortune Federal. We therefore certify the following question:
WHERE CONDEMNATION UNDER SECTION 337.27(2), FLORIDA STATUTES, IS REQUESTED, AND THE PROPERTY OWNER DISPUTES THE RELATIVE VALUES OF A WHOLE TAKE OVER A PARTIAL TAKE, MAY A TRIAL COURT DENY A QUICK TAKING UNDER SECTION 74.031, FLORIDA STATUTES, AND DEFER THE QUESTION OF THE EXTENT OF THE TAKE UNTIL A JURY DETERMINES THE VALUE OF BOTH A WHOLE TAKE AND A PARTIAL TAKE OF THE PROPERTY?
DELL J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I agree with the majority's conclusions regarding the absence of a showing of bad faith and the appellees' lack of a vested interest in business damages. Further, I would agree DOT demonstrated necessity and public purpose, but only as to that portion of the parcel used for the road widening project. In my opinion the trial court correctly denied DOT's petition for entry of an order of taking on the entire property, deferring its ruling until after the question of the public purpose to be served by the condemnation of the entire parcel was resolved by a jury impaneled to determine the value of that property pursuant to section 73.071.[4] I believe the *244 procedure advocated by the majority is not only contrary to the plain language of section 337.27(2), but may result in a denial of due process.
In a quick take proceeding, as in any eminent domain action, the condemning authority bears the burden of proving the public purpose for the taking. Where, as here, DOT seeks to condemn an entire parcel when only a portion of the parcel is needed for a public project, it must prove that taking the excess portion of the parcel will advance the purpose of limiting the cost of acquisition by showing "the acquisition costs to the department will be equal to or less than the cost of acquiring a portion of the property." 337.27(2), Fla. Stat. (1995). Thus, the plain language of section 337.27(2) makes proof of these equal or lower acquisition costs a condition precedent to issuance of an order of taking of an entire parcel. The majority opinion essentially puts the cart before the horse.
Further, application of the procedure advocated by the majority may result in a denial of due process. The order of taking under the quick take statutes is not designed to conclusively determine the value of the property taken; the final determination of value is left to the jury at a later stage of proceedings. See Shannon Properties, Inc. v. Tampa-Hillsborough County Expressway Auth., 605 So.2d 594 (Fla. 2d DCA 1992); Florida East Coast Ry. Co. v. Broward County, 421 So.2d 681, 684 (Fla. 4th DCA 1982). In a close case such as this, the trial court may review the evidence and determine the acquisition cost of the entire parcel is equal to or less than the cost of acquiring a portion of the property, entering an order of taking as to the entire parcel. However, a subsequent jury impaneled to determine the issue of compensation could value the entire parcel greater than the portion of the parcel needed for the project. Such a result would demonstrate the lack of public purpose served by the prior condemnation of the entire parcel. Condemnation in the absence of a valid public purpose violates due process. Art. X, § 6, Fla. Const. ("No private property shall be taken except for a public purpose...."); City of Lakeland v. Bunch, 293 So.2d 66, 68 (Fla.1974) ("the power of eminent domain is one of the law's most harsh proceedings, and when the sovereign undertakes to condemn private property, it must do so only for a public purpose in order to protect an individual's due process rights respecting private property").
This is not to suggest the quick take procedure can never be used when an entire parcel is sought to be condemned under section 337.27(2). In other cases, perhaps in most cases, the court will be able to approve a quick-taking of an entire parcel either because the parties agree the cost to DOT of the entire parcel is less than the cost of the portion of the property needed for the project, or because the trial court can readily resolve any disputes in the parties' evidence. Where the evidence clearly supports a finding that the public interest is served by taking the entire parcel, the issue of valuation need not be submitted to the jury. However, in this case the trial court found the appellees' evidence was sufficient to preclude a determination at that stage of the proceedings regarding whether a taking of the entire parcel would serve the public interest. I cannot say the court's finding constituted an abuse of discretion. I would affirm.
NOTES
[1] While this case was pending in our court, the DOT moved to relinquish jurisdiction to pursue a partial taking rather than lose funding associated with the project. We granted the relinquishment. Although appellees suggest the issue is now moot, we issue this opinion because the issue is capable of repetition, vet evading review.
[2] We are not sure how these issues would be submitted to the jury. We presume that the trial court would require the jury to determine both the cost of the whole taking and the cost of the partial taking. This would unduly add to the time and expense of trying a condemnation suit, since each side would have to prepare two cases instead of one.
[3] At the very least, in such a circumstance, the trial court should order a partial taking of the property required for the project, since by contesting the state's contention that the whole take is less expensive than the partial take, the owner is conceding that the "good faith estimate" for the whole take will also be greater than the good faith estimate of the partial take. Thus, if the state deposits its good faith estimate for the whole take, it will certainly constitute a sufficient estimate for a partial take.
[4] In denying DOT's Petition for Order of Taking, the trial court made it clear it would grant an order of taking as to the portion of the property necessary to construct the road. DOT filed the instant appeal, and subsequently sought and received a relinquishment of jurisdiction for the purpose of securing an Order of Taking as to that partial parcel.