997 So.2d 522 (2009)
GIL ERIKSEN PROPERTIES, LLC, Appellant,
v.
POMPANO BEACH COMMUNITY REDEVELOPMENT AGENCY, Appellee.
No. 4D08-247.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
*523 Allan M. Rubin and Suzanne M. Driscoll of Shutts & Bowen LLP, Fort Lauderdale, for appellant.
Gordon Linn, Pompano Beach, Mitchell J. Burnstein and Laura K. Wendell of Weiss Serota Helfman Pastoriza Cole & Boniske, P.L., Fort Lauderdale, for appellee.
KLEIN, J.
The appellant property owner raises several issues in this eminent domain proceeding; however, the owner's failure to timely raise the issues in the trial court precludes relief.
After the appellee agency filed this suit involving two properties of the owner, an agreed order of taking was entered, providing for stipulated values for both pieces. The agency deposited the correct amounts in the registry of the court, and the owner withdrew the portions to which he was entitled.
Slightly less than a year after entry of the agreed order of taking, the owner moved to vacate the agreed order under Florida Rule of Civil Procedure 1.540(b) arguing that there had been fraud, in that his lawyer did not have his authority to enter into the agreed order. The owner also argued that the trial court lacked subject matter jurisdiction because the agency lacked the power to condemn property, as that power had not been delegated to the agency by the City of Pompano Beach.
The owner's fraud argument, which concerns the amounts in the agreed order of taking, is without merit. It is obvious, from the withdrawal of the funds from the registry of the court by the owner, that the owner was aware of the amounts. His objection a year later on the ground that *524 his lawyer did not have authority was waived.
As to the lack of subject matter jurisdiction, in Salfi v. Division of Administration, State, Department of Transportation, 312 So.2d 781 (Fla. 4th DCA 1975), a condemning authority had filed a condemnation case with a defective resolution of necessity. We held that this was insufficient to confer jurisdiction on the court and that this could not be cured during the lawsuit by a new resolution. We recognized, however, that the trial court still had the power to adjudicate the subject matter of the action when the condemning authority filed a new action based on a proper resolution of necessity. See also Fla. Power & Light Co. v. Canal Auth. of State of Fla., 423 So.2d 421 (Fla. 5th DCA 1982) (circuit court has subject matter jurisdiction over condemnation suits). The owner's argument that the trial court lacked subject matter jurisdiction, which is the only basis on which the owner could obtain relief, is accordingly without merit. The alleged jurisdictional defect in this case was waived.
Affirmed.
STEVENSON, J., and KELLEY, GLENN D., Associate Judge, concur.