PER CURIAM.
This is an appeal from an order of dismissal of a second amended petition in condemnation. Appellant, who was the plaintiff below, is the Central and Southern Florida Flood Control District, and the defendant, in whose favor the order was entered, is the Tosohatchee Game Preserve, Incorporated.
The motions filed by defendant urged the trial court to strike and dismiss the petition for condemnation and, although setting forth numerous grounds in support thereof, were founded primarily upon the failure of such petition to state a cause of action for condemnation. The primary question on appeal is therefore whether the allegations of the petition sufficiently state a cause of action to have withstood motions to strike and to dismiss.
From our review of the applicable law we are of the opinion that the petition states a cause of action. The contents of a petition seeking to evoke the power of eminent domain are set forth in Section 73.021, Florida Statutes, F.S.A. A review of the petition in the case sub judice reflects substantial compliance with the statutory requirements. See Sibley v. Volusia County, 1941, 147 Fla. 302, 2 So.2d 578. *194 In Wilton v. St. Johns County, 1929, 98 Fla. 26, 123 So. 527, at 532, the Supreme Court of Florida observed, in part:
“This court, in harmony with the weight of authority, has held that proceedings for the condemnation of property under the power of eminent domain are governed and controlled by the statutes authorizing them, and these statutes must be strictly construed and substantially complied with in all proceedings instituted thereunder. * * *”
We are unable to find any reference in Section 73.021 to the need for or effect of an authorizing resolution supporting a petition for condemnation. Whether a cause of action for condemnation has been sufficiently stated is to be determined by the petition in light of the statutory requirements and not by the resolution of the condemning authority, see City of Winchester v. Ring, 1924, 312 Ill. 544, 144 N.E. 333; Florida East Coast Railway Co. v. Martin County, Fla.1965, 171 So.2d 873, cert. den. 382 U.S. 834, 86 S.Ct. 79, 15 L.Ed.2d 78; and State Road Department of Florida v. Southland, Inc., Fla.App.1960, 117 So.2d 512.
In State ex rel. Weyerhaeuser Timber Co. v. Superior Court for Snohomish County, 1912, 71 Wash. 84, 127 P. 591, at 592-593, the Supreme Court of Washington, in an early decision observed, in part:
“* * * Nowhere in the statute governing the entire procedure (Rem. & Bal.Code, §§ 921-925, inclusive) does it appear that a formal resolution, adopting the particular plan or location and declaring a necessity for the land, is essential either to pleading or proof as an indispensable prerequisite to the right to have a jury called to assess the compensation to be paid. * * * Where, as in this state, the question of necessity is one for the court, both authority and reason sustain us in the view that the adoption of the plan and the necessity for the land, especially as between con-demnor and landowner, may be proved as any other fact, and no antecedent resolution or formal corporate action is essential to such proof. * * *”
In State v. Mohler, 1925, 115 Or. 562, 237 P. 690, at 694, the Supreme Court of Oregon similarly observed:
“We believe the commencement of the action is proof conclusive that the state, through its fish commission, decided and declared the necessity of taking defendants’ land for public use. The passage of the resolution is not jurisdictional, and the pleading and proof thereof are not essential to the maintenance of plaintiff’s cause. * * *”
See also 29A C.J.S. Eminent Domain § 223, p. 986, footnote 60.[1]
Our decision here relates solely to the question whether the petition sets forth necessary allegations to constitute a cause of action and in no way should be construed as being a determination of the ultimate essential proof necessary to- support such petition.
Accordingly, the decision of the trial court is reversed and the cause remanded with directions to take such further proceedings not inconsistent with this opinion.
CROSS, C. J., and REED and MAGER, JJ., concur.

. We observe that even if the resolution be deemed to be material to the sufficiency of the petition, we are of the opinion from our review of both the resolution and the petition that the resolution serves as a sufficient predicate upon which a petition may be based and that the petition substantially conforms to the provisions of the resolution.