265 So.2d 681 (1972)
TOSOHATCHEE GAME PRESERVE, INCORPORATED, a Florida Corporation, Petitioner,
v.
CENTRAL AND SOUTHERN FLORIDA FLOOD CONTROL DISTRICT, a Public Corporation, Respondent.
No. 41320.
Supreme Court of Florida.
July 26, 1972.
Geo. A. Speer, Jr., Sanford, for petitioner.
Robert Grafton and Thomas J. Schwartz, West Palm Beach, for respondent.
McCAIN, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District, reported *682 at 248 So.2d 193, which conflicts with State Road Department v. Levato, 199 So.2d 714 (Fla. 1967). Fla. Const., Article V, Section 4(2), F.S.A.
This is a condemnation proceeding. Respondent, Central and Southern Florida Flood Control District, a Florida Corporation created by the Legislature, has the power to condemn land under Fla. Stat. § 378.16, F.S.A. Pursuant to this statutory authority, respondent, on August 8, 1968, filed its condemnation petition in the Circuit Court of Orange County, seeking to condemn certain lands of petitioners for the purpose of constructing Lake Poinsett Reservoir. This petition was not accompanied by an authorizing resolution passed by the governing board of the Flood Control District.[1]
The Game Preserve, by "Motion For Compulsory Amendment" and "Motion to Dismiss" argued, inter alia, that the petition for condemnation was inadequate because of the failure to attach an authorizing resolution. By order dated September 22, 1969, the Circuit Court granted the motion to dismiss with leave to amend.
An amended petition was duly filed on October 9, 1969. Attached thereto was authorizing Resolution #833 adopted by the Flood Control District on November 15, 1968, some three and one-half months after original filing of the action in the Circuit Court. The amended petition and a second amended petition later filed were both dismissed by the Circuit Court for failure to state a cause of action. The Flood Control District elected to stand on its pleadings and appealed to the Fourth District Court.
In reversing, the District Court said:
"The motions filed by defendant urged the trial court to strike and dismiss the petition for condemnation and, although setting forth numerous grounds in support thereof, were founded primarily upon the failure of such petition to state a cause of action for condemnation. The primary question on appeal is therefore whether the allegations of the petition sufficiently state a cause of action to have withstood motions to strike and to dismiss.
"From our review of the applicable law we are of the opinion that the petition states a cause of action. The contents of a petition seeking to evoke the power of eminent domain are set forth in Section 73.021, Florida Statutes, F.S.A. A review of the petition in the case sub judice reflects substantial compliance with the statutory requirements. See Sibley v. Volusia County, 1941, 147 Fla. 256, 2 So.2d 578. In Wilton v. St. Johns County, 1929, 98 Fla. 26, 123 So. 527, at 532, the Supreme Court of Florida observed, in part:
"`This court, in harmony with the weight of authority, has held that proceedings for condemnation of property under the power of eminent domain are governed and controlled by the statutes authorizing them, and these statutes must be strictly construed and substantially complied with in all proceedings instituted thereunder ...'
"We are unable to find any reference in Section 73.021 to the need for or effect of an authorizing resolution supporting a petition for condemnation. Whether a cause of action for condemnation has been sufficiently stated is to be determined by the petition in light of the statutory requirements and not by the resolution of the condemning authority . .." [Citations omitted.]
Primarily, therefore the issues confronting us are: (1) whether an authorizing resolution *683 must be attached to a petition for condemnation; and (2) whether a resolution adopted subsequent to the filing of the condemnation action and attached to an amended petition is adequate for this purpose.
The requirements for a petition in condemnation are enumerated in Fla. Stat. § 73.021, F.S.A. In pertinent part, that statute provides:
"73.021 Petition, contents.  Those having the right to exercise the power of eminent domain may file a petition therefor in the circuit court of the county wherein the property lies, which petition shall set forth:
"(1) The authority under which and the use for which the property is to be acquired, and that the property is necessary for that use; ..." (Emphasis supplied.)
We are in agreement with the District Court that this statute must be strictly construed in favor of the landowner and that substantial compliance with its provisions is required to sustain a petition for condemnation. Wilton v. St. Johns County, supra. In Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (1947), we elaborated the reasons for this policy:
"The power of eminent domain is an attribute of the sovereign. It is not a vesture of the state conferred by constitution or statute. It is circumscribed by the constitution and statute in order that cherished rights of the individual may be safeguarded. It is one of the most harsh proceedings known to the law, consequently when the sovereign delegates the power to a political unit or agency a strict construction will be given against the agency asserting the power."
To the same effect, Inland Waterway Development Co. v. City of Jacksonville, 160 Fla. 913, 37 So.2d 333, reh. den. 38 So.2d 676 (Fla. 1948); State ex rel. Ervin v. Jacksonville Expressway Authority, 139 So.2d 135 (Fla. 1962); Brest v. Jacksonville Expressway Authority, 194 So.2d 658 (Fla. App. 1st, 1967); and City of Miami Beach v. Manilow, 232 So.2d 759 (FlaApp. 3rd, 1970).
Respondent urges that "substantial compliance" with Fla. Stat. § 73.021(1), F.S.A., requires only that it allege, in its petition, authorization to condemn under Fla. Stat. § 378.16, F.S.A. Petitioners take the position that where, as here, an authorizing resolution is a necessary prerequisite to condemnation, "The authority under which ... the property is to be acquired ..." is not shown unless the resolution is attached to the condemnation petition. In view of the public policy of strict construction of eminent domain statutes, we incline to the latter interpretation.
Although an agency of the State has general power to condemn, it may do so only in compliance with the statute giving it such power. Fla. Stat. § 378.16(1), F.S.A., delegates the eminent domain power of the State to the Flood Control District, "In order to carry out the * * * works for the district, and for effectuating the purposes of this chapter... .". Section 2 of the same statute requires the Flood Control District to act through its governing board. It follows that the governing board must first adopt a resolution that condemnation is called for to fulfill a legitimate flood control purpose, before the district can be said to have the "authority" to condemn. Hence, a petition unaccompanied by an authorizing resolution is susceptible to a motion to dismiss for failure to state a cause of action.
In the instant case, such a motion was made and granted with leave to amend. However, instead of attaching to the amended petition a resolution passed previous to initiation of the proceedings, which would have cured the deficiency, respondent attached a resolution adopted some three months after original filing of the action in the Circuit Court. In our judgment, the placing in the record of this resolution *684 was inadequate to satisfy the requirement of Fla. Stat. § 73.021(1), F.S.A., that the petition show by what authority the property is to be acquired. To permit the condemning authority to adopt a resolution authorizing condemnation after initiating proceedings in court would, in our view, frustrate the purpose intended to be served by orderly procedure in an eminent domain action. If such a practice served to further some compelling state interest, we might be disposed to treat it with more leniency. But that is not the case. If an agency cannot condemn without first resolving to do so through its governing board, it is the height of frivolity for such agency to initiate court action against the landowner before adoption of an authorizing resolution. No other purpose than harrassment is served by such a practice.
We hold, therefore, that, in order to withstand a motion to dismiss, a petition in condemnation must be accompanied by an authorizing resolution (where one is required) adopted prior to the initiation of eminent domain proceedings. Sub judice, although the action was dismissed three times for failure to state a cause of action, only after the third dismissal was final judgment entered. Prior to that time, only interlocutory dismissals with leave to amend were entered; hence, the action proceeded continuously in the trial court from August 8, 1968, through September 22, 1970, the date of final dismissal. Therefore, the authorizing resolution, to be in compliance with the rule we enunciate here, would have to have been passed prior to August 8, 1968. Because it was not, the District Court erred in concluding that the petition met the requirements of Fla. Stat. § 73.021, F.S.A., and in reinstating the petition of the Flood Control District in the Circuit Court.
By separate unsigned order entered the same day as its decision in the case, the District Court also denied to the Game Preserve an award of attorney's fees for services rendered in that Court. In so doing, the District Court contravened the provisions of Fla. Stat. § 73.131(2), F.S.A., as interpreted by this Court in State Road Department v. Levato, supra. In that case, in a situation identical in all material respects to the case at bar, we said:
"We come next to the allowance, vel non, of an attorney's fee in the district court for services rendered in that court by counsel for the owners in an appeal where the condemner was the successful appellant. Section 73.131, Florida Statutes, F.S.A., among other things, says: 
"`...'
"`The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney's fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the trial court shall be affirmed.'
"This statute was obviously passed by the Legislature as an implementation of Section 12, Declaration of Rights, Constitution of Florida, which says, among other things
"`... [n]o person shall be . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken without just compensation. . . '. (Emphasis supplied.)
"The language of the statute is clear and the district court operated within its orbit in allowing compensation to the attorney for the owner in defending the judgment of the lower court even though such appeal resulted in a reversal. The Legislature provided one exception to the rule of payment and that is where an appeal is taken by a defendant in which the judgment of the trial court is affirmed, but this exception does not apply to the facts in this case."
Although the constitutional standard in eminent domain is now "full compensation" [Fla. Const., (1968), Article X, Section 6 (a)] rather than "just compensation", this change does not bear materially on the rationale *685 of Levato, which we continue to regard as controlling.
In view of our disposition of the case, it is unnecessary to rule on the remaining points raised, primarily petitioners' allegations that Resolution #833 was an inadequate and improper resolution because it delegated to the attorney for the Flood Control District the authority to determine what property was to be condemned.
Accordingly, both the decision of the District Court of Appeal, Fourth District, entered on April 23, 1971, and reported at 248 So.2d 193, and the separate order denying attorney's fees in the cause, are vacated. Inasmuch as Fla. Stat. § 73.131(2), F.S.A., expressly provides that attorney's fees for services rendered in the District Court are to be assessed by that Court, the cause is remanded to the District Court of Appeal, Fourth District, for the purpose of assessing a reasonable attorney's fee for the services rendered by attorneys for the Tosohatchee Game Preserve.
It is so ordered.
CARLTON, ADKINS and DEKLE, JJ., concur.
ROBERTS, C.J., and ERVIN and BOYD, JJ., dissent.
NOTES
[1] There is a controversy as to whether a resolution was in existence at the time suit was commenced. Respondent asserts such a resolution (#820) had been adopted and was viable on August 8, 1968. However, the record reveals no such resolution. We therefore assume for purposes of this appeal that suit was commenced without benefit of an authorizing resolution.