McNULTY, Chief Judge.
In this eminent domain proceeding, the City of Clearwater brought this petition for certiorari to review an order setting aside its previously entered Order of Taking. We hold that the trial court departed from the essential requirements of law to the irrevocable substantial injury to the City and grant certiorari.
The record shows that on January 15, 1975, the City filed its amended complaint against respondent to condemn certain specifically described lands. The City alleged that it had prepared a survey and filed it in the office of the Clerk of the Circuit Court. Additionally, a copy of its resolution of necessity and the ordinance authorizing condemnation were attached as exhibits. The City then filed an amended declaration of taking and a motion for an order of quick taking on February 5, 1975. Respondent filed a motion to dismiss but never filed an answer to the amended complaint.
A hearing was held and an order of quick taking was entered on September 5, 1975 entitling petitioner to possession of the property. There was no appeal by respondent from this order.
Thereafter, on April 2, 1976, respondent filed a motion to set aside the order of taking contending that the court lacked jurisdiction to enter it. Respondent argued that the City’s failure to offer in evidence or otherwise prove the resolution of necessity, the ordinance authorizing condemnation and the survey of the property deprived the court of jurisdiction over the subject matter and the parties. The court granted the motion and set aside the Order of Taking on the grounds that the court did indeed lack jurisdiction for those reasons. The order also revested title to the property in respondent and directed petitioner to remove all of its equipment from the land. We quash this order.
There is no question of lack or insufficiency of process, so the court had jurisdiction over the parties. With respect to jurisdiction over the subject matter, it is the matters set forth in the complaint together with the nature of the relief sought which determine subject matter jurisdiction. This being an eminent domain proceeding in which sufficiently described lands, undeniably within the territorial jurisdiction of the trial court, were to be condemned, there can be no doubt but that the trial court had jurisdiction over the subject matter.
Now with respect to whether an accurate survey and a proper resolution of necessity and ordinance authorizing the condemnation must be introduced in evidence or otherwise proved prior to an order of quick taking, this matter only goes to the correctness vel non of the order of quick taking, not to jurisdiction over the parties, the property or of the subject matter. For pleading purposes invoking the jurisdiction of the court, it is necessary only that copies *855 of the resolution and ordinance be attached to the complaint[1] and that an allegation be made that a prepared survey had been filed with the Clerk of the Circuit Court.[2] This was done in this case.
True it is that perhaps these specific prerequisites should have to be established or proved prior to an order of taking and certainly before a final judgment,[3] but the entry of an order of taking prior to their having been proved is not void for lack of jurisdiction, although it may be reversible on proper review if they were put in issue prior thereto. No timely review having been sought, however, the order should stand.
In view whereof, the order quashing the prior order of quick taking,should be, and it is hereby, quashed and set aside; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and BOARDMAN, JJ., concur.

. See Tosohatchee Game Preserve, Incorporated v. Central and Southern Florida Flood Control District, 265 So.2d 681 (Fla.1972).

. See Sec. 73.021(5), Fla.Stat. (1975).

. See Ball v. City of Tallahassee, 281 So.2d 333 (Fla. 1973).