423 So.2d 421 (1982)
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellant,
v.
The CANAL AUTHORITY OF the STATE OF FLORIDA, a Body Corporate under the Laws of the State of Florida, Appellee.
Nos. 81-1202, 81-1203.
District Court of Appeal of Florida, Fifth District.
November 24, 1982.
Rehearing Denied December 20, 1982.
*422 Barry R. Davidson and Lewis F. Murphy of Steel, Hector & Davis, Miami, for appellant.
Jim Smith, Atty. Gen., and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for appellee.
COWART, Judge.
This is an appeal from a denial of a motion for relief from judgment filed by appellant in 1981 pursuant to Florida Rule of Civil Procedure 1.540(b)(4). The motion attacked judgments entered in condemnation cases in 1967. The motion alleged that, because the condemnation petitions upon which the judgments were based did not have attached thereto authorizing resolutions of the condemning authority (as required by Tosohatchee Game Preserve, Inc. v. Central and Southern Florida Flood Control District, 265 So.2d 681 (Fla. 1972)), the trial court lacked jurisdiction and, consequently, such judgments were void. We affirm.
While a void judgment can be attacked at any time,[1] we do not believe the trial court lacked jurisdiction as to render its judgments void. Tosohatchee certainly holds that "a petition [for condemnation] unaccompanied by an authorizing resolution is susceptible to a motion to dismiss for failure to state a cause of action," 265 So.2d at 683, and "... in order to withstand a motion to dismiss, a petition in condemnation must be accompanied by an authorizing resolution... ." 265 So.2d at 684. However, the decision in Tosohatchee is not based on lack of jurisdiction in the trial *423 court and we do not agree with an interpretation that Tosohatchee requires a petition for condemnation to have an attached authorizing resolution before the trial court acquires jurisdiction of the cause, although this suggestion has been made by the First,[2] Fourth[3] and Third[4] District Courts of Appeal. These characterizations of the Tosohatchee opinion are dicta since each district court of appeal opinion dealt with a direct appeal from cases wherein the deficient complaint had been timely attacked by motions to dismiss. Unfortunately, these district court of appeal decisions have caused the appellant in this case to misconceive the law.
For a court's action to be valid[5] it must have certain jurisdiction and must acquire other aspects of jurisdiction and exercise it within certain limitations. Specifically, the court must have what could be called potential or inchoate jurisdiction but what is more commonly and properly called "jurisdiction over the subject matter." This is jurisdiction in the abstract and is that sovereign[6] authority, conferred upon a court by constitution,[7] either directly or by authorized statute, to make adjudications, or binding decisions, as to controversies within a certain class of cases or causes. Such subject matter jurisdiction must be properly invoked[8] and perfected. A court's jurisdiction is generally invoked in a given case by a party filing a proper pleading which alleges material facts demonstrating (1) the existence of a judicial controversy (a *424 right in dispute between two or more parties) within the subject matter jurisdiction of the court and (2), when a binding judicial determination requires the court to act directly on an object (a res), that such court has, or can acquire,[9] jurisdiction over such res.[10] After the court's jurisdiction has been properly invoked, it is perfected by a proper service of sufficient process on all indispensable parties. This is called acquiring "jurisdiction over the person." Justice Brown, in the early Florida case of Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927), addressed these aspects of jurisdiction when he cogently stated:
There is some confusion in the use of this term "subject-matter" in some of the cases dealing with the question of jurisdiction. Sometimes it is applied with reference to the power of the court to deal with the class of cases to which the particular case belongs, and sometimes it is applied to the res within the court's control or under its jurisdiction, or to the rights  that is, the questions of personal or property rights, the controversy  before the court in the particular case. The rule that jurisdiction of the subject-matter, in the general abstract sense  the power of the court to adjudicate the class of cases to which the particular case belongs  cannot be conferred by the acquiescence or consent of the parties is so universally recognized as to require no citation of authority. The kind of jurisdiction referred to by this rule is the power conferred on the court by the sovereign  which means with us the Constitution or statute, or both  to take cognizance of the subject-matter of a litigation and the parties brought before it, and to hear and determine the issues and render judgment upon the issues joined. Brown on Jurisdiction, § 2 (2d Ed.); 35 C.J. 426; 16 C.J. 723, 734. "The power to hear and determine a cause is jurisdiction; it is `coram judice,' whenever a case is presented which brings this power into action." United States v. Arredondo, [31 U.S. 691], 6 Pet. 709, 8 L.Ed. 547. "Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power." Foltz v. St. Louis, etc., R. Co., 60 F. 316, 8 C.C.A. 635. But before this potential jurisdiction of the subject-matter  this power to hear and determine  can be exercised, it must be lawfully invoked and called into action; the parties and the subject-matter of the particular case must be brought before the court in such a way that it acquires the jurisdiction and the power to act. There must be a right in dispute between two or more parties; a proceeding commenced under the proper rules of law; process must be served on the opposite party or parties in order that they may have an opportunity to be heard, or the property, if that be the subject-matter of the action, must be within such jurisdiction, and the owner or person having the right to claim it, or to be heard, must be notified as required by law of the pendency of the proceeding. Brown on Jurisdiction, §§ 2 and 9; 15 C.J. 734, 797. The jurisdiction and power of a court remain at rest until called into action by some suitor; it cannot by its own action institute a proceeding sua sponte. The action of a court must be called into exercise by pleading and process, prescribed or recognized by law, procured or obtained by some suitor by filing a declaration, complaint, petition, cross-bill, or in some form requesting the exercise of the power of the court. If a court should render a judgment in a case where it had jurisdiction of the parties, upon a matter entirely outside of the issues made, it would, of necessity, be arbitrary and unjust as being outside the jurisdiction *425 of the subject-matter of the particular case, and such judgment would be void and would not withstand a collateral attack, for upon such matter a presumption would arise that the parties had had no opportunity to be heard. The pleading bringing the matter before the court need not necessarily be sufficient in law to withstand the test of a demurrer, but as a general rule it must state, at least inferentially, each material fact necessary to warrant the court to deliberate thereon and grant the relief accorded, which must usually be the relief prayed, or at least not foreign thereto  though as to the latter, the form of relief, when different from that asked, the judgment or decree may be merely voidable, but not void. Brown on Jurisdiction, § 2a; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 So. 552, Ann.Cas. 1918A, 971. So that, when it is said that a court has jurisdiction of the subject-matter of any given cause, if these words are to be given their full meaning, they imply, generally speaking: (1) That the court has jurisdictional power to adjudicate the class of cases to which such case belongs; and (2) that its jurisdiction has been invoked in the particular case by lawfully bringing before it the necessary parties to the controversy; (3) the controversy itself by pleading of some sort sufficient to that end; and (4) when the cause is one in rem, the court must have judicial power or control over the res, the thing which is the subject of the controversy. This, in a general way, is what we mean when we say that a court has "jurisdiction of the subject-matter and the parties" to a cause.
112 So. at 775-76. (emphasis in the original).
As noted in the above quote from Lovett v. Lovett, the test for whether a pleading sufficiently involves the jurisdiction of a court is not as stringent as the test as to whether or not the pleading is subject to a motion to dismiss for failure to state a cause of action. See, e.g., State ex rel. Campbell v. Chapman, 145 Fla. 647, 1 So.2d 278 (1941).
Even if at the time the petitions for condemnation in this case were filed the failure of the condemning authority to attach resolutions to their petitions for condemnation made those petitions subject to motions to dismiss,[11] such deficiencies in the pleading invoking the jurisdiction of the trial court did not deprive the court of jurisdiction.[12] Clearly the trial court in the instant cases, being the circuit court, had subject-matter jurisdiction over the class of cases known as condemnation suits. The petitions followed the statute and set out all allegations including the authority of the condemnee, the use for which the property was to be acquired, that the property was necessary for that use, the estate to be acquired, description of the property and other allegations necessary to clearly give the parties notice of the issues to be litigated in the instant cases. The trial court ruled on the issues framed by the pleadings and all necessary and indispensable parties had an opportunity to be heard on those issues. Therefore, the original trial court had jurisdiction in the condemnation actions *426 and the present trial court properly denied appellant's motion for relief from the judgments in those actions and is hereby
AFFIRMED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] See, e.g., Tucker v. Dianne Elec., Inc., 389 So.2d 683 (Fla. 5th DCA 1980).
[2] Gulf Power Co. v. Stack, 296 So.2d 572 (Fla. 1st DCA 1974).
[3] Salfi v. Division of Admin., State Dep't of Transp., 312 So.2d 781 (Fla. 4th DCA 1975).
[4] Florida E. Coast Ry Co. v. City of Miami, 346 So.2d 621 (Fla. 3d DCA 1977).
[5] If a court has jurisdiction in a case but simply errs in its decision, its action is merely voidable and, if not timely corrected, is final and binding. In contrast, when a court acts without jurisdiction, its action is void and subject to collateral attack. See, e.g., Gay v. McCaughan, 105 So.2d 771 (Fla. 1958); Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926).
[6] It is because judicial subject matter jurisdiction is a sovereign power that its lack cannot be remedied by the acquiescence or consent of the parties. Justice Whitfield notes these distinctions in an in-depth discussion of subject matter jurisdiction in Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926).
[7] See Art. V, §§ 3(b), 4(b), 5(b), 6(b), Fla. Const.
[8] The general principle that jurisdiction must be properly invoked in a given case has been applied to a variety of subjects such as matters: in law, see, e.g., Roberts v. Seaboard Surety Co., 158 Fla. 686, 29 So.2d 743 (1947) (in a suit by plaintiff against defendant and defendant's surety on an account stated, where attached bill of particulars indicated the account was solely against the defendant and not his surety, the trial court did not have jurisdiction to enter default against surety even though surety was served, and appeared but filed no pleading), in equity, see, e.g., Coffrin v. Sayles, 128 Fla. 622, 175 So. 236 (1937) (although equitable jurisdiction may be invoked generally, special jurisdiction of chancery court to render a money judgment in a mortgage foreclosure case must be specifically invoked, either by a special prayer for a deficiency decree in the bill, or by subsequent appropriate pleading or motion in the cause; absent such pleading, chancery court does not have jurisdiction to enter a deficiency decree), in domestic relations, see, e.g., Cortina v. Cortina, 98 So.2d 334 (Fla. 1957) (where ex-husband initiated a contempt proceeding against ex-wife for failure to allow visitation, trial judge did not have power to modify the support provisions of the final decree sua sponte), in probate matters, compare State ex rel Campbell v. Chapman, 145 Fla. 647, 1 So.2d 278 (1941) (where writ of prohibition sought to prohibit a county judge from proceeding in a probate matter where initial pleading alleged venue was proper but subsequent pleading called venue into question, writ was properly denied since county judge's jurisdiction was sufficiently invoked) with State ex rel McGreevy v. Dowling, 223 So.2d 89 (Fla. 3d DCA 1969) (where writ of prohibition sought to prohibit a Dade county judge from proceeding in a probate matter where the initial pleading showed facts that indicated that venue of the probate matter, as a matter of law, was in Broward County, not Dade County, writ was properly granted since county judge's jurisdiction was not sufficiently invoked), and even condemnation suits. See, e.g., Cravero v. Florida State Turnpike Authority, 91 So.2d 312 (Fla. 1956) (where part of land subject to contract for sale was condemned, the trial court did have jurisdiction to determine the disputed ownership rights in the condemned land, but did not have jurisdiction to determine disputed ownership rights in land not being condemned).
[9] When the court's jurisdiction depends on its power to act on a movable object such jurisdiction is acquired and preserved by having the object taken into the "custody of the law"  custodia legis.
[10] Sometimes the term "subject-matter" jurisdiction is erroneously used to refer to the court's control over a res.
[11] The petitions for condemnation in this case were filed in the years 1965 and 1967; Tosohatchee was not decided until 1972.
[12] Similar jurisdiction arguments in condemnation suits have failed. See, e.g., Carlor v. City of Miami, 62 So.2d 897 (Fla.), cert. denied, 346 U.S. 821, 74 S.Ct. 37, 98 L.Ed. 347 (1953) (in condemnation suit, where petition sought a fee simple interest, order of taking granted a fee simple interest, and final judgment awarded a fee simple interest, failure of resolution to specify interest in land sought to be acquired did not go to jurisdiction and "when the original petition in eminent domain was filed, the circuit court acquired complete jurisdiction."); Crill v. State Road Department, 96 Fla. 110, 117 So. 795 (1928) (writ of prohibition to stop a condemnation suit on the basis that the statute giving the State Road Department authority to condemn was unconstitutional was not a jurisdictional defect but simply a question of law; therefore writ denied); City of Clearwater v. Janet Land Corp., 343 So.2d 853 (Fla. 2d DCA 1977) (where resolution was attached to petition, court had jurisdiction and failure of condemning authority to offer resolution into evidence did not make the final judgment subject to collateral attack).