DAUKSCH, Judge.
This is an appeal from an Order of the trial court which granted appellee’s Motion to Dismiss the appellant’s Petition in eminent domain. The Petition requested the court to make a finding of public necessity for the acquisition of nineteen parcels of land by eminent domain. Appellees Weh-ner are the property owners of one of the parcels.
Prior to filing the Petition, appellants adopted a resolution reciting the need for the acquisition.[1] The resolution was submitted to the Department of Education and later adopted by the governor and cabinet sitting as the Board of Education. The petition for eminent domain stated specifically that the condition precedent and lan *705 guage contained in section 240.319(f), Florida Statutes (1979) had been met, as well as all other conditions precedent to bringing the eminent domain action.
The trial court found that the Department of Education based its finding that the property could not be acquired by agreement satisfactory to the Trustees and owners of the property upon the Trustees Resolution. The court found the evidence contrary to the statement in the resolution in that there was an absence of negotiation and an absence of any attempt to acquire the appellee’s property by agreement satisfactory to the trustees and owners (appel-lees) prior to the institution of the eminent domain proceedings. We agree with the trial court in its finding that appellants did not comply with the statutory condition precedent to filing the petition in eminent domain.
Section 240.319(f), Florida Statutes (1979) provides:
Whenever the Department of Education finds it necessary for the welfare and convenience of any community college to acquire private property for the use of community college and the same cannot be acquired by agreement satisfactory to the District Board of Trustees of such community college and the parties interested in, or the owners of, the private property, the District Board of Trustees may exercise the right of eminent domain after receiving approval therefore from the State Board of Education and may then proceed to condemn the property in the manner provided by Chapter 73 and 74.
The statute requires, as a condition precedent to instituting eminent domain proceedings under Chapter 73 and 74, that the land cannot be acquired by agreement satisfactory to the Trustees and the landowners. Although statutes delegating the power of eminent domain are subject to strict construction,[2] where a statute confers the power on a public officer, body or agency or on a political subdivision of the state, the principle is not applied as strictly as it is in construing such powers when given to private corporations. The doctrine of strict construction of statutes delegating the power of eminent domain does not preclude giving a reasonable and sound interpretation to statutes conferring the power so as to effectuate the intention of the legislature. City of Palm Bay v. General Development Utilities, Inc., 201 So.2d 912 (Fla. 4th DCA 1967).
The record indicates appellant failed to perform the condition precedent... i.e. failed to sufficiently negotiate or attempt to reach an agreement satisfactory to the appellant and the appellee landowner. Ap-pellee, Mrs. Wehner, testified that her first notice as to the condemnation was in the form of a newspaper article. The only official correspondence the Wehners received prior to initiation of the eminent domain proceeding was a form letter from the President of the Community College. The letter stated that if the owners would not sell, the property would be acquired through condemnation. The letter did not include any offer or asking price for the property. The Wehners contacted appellant Trustees and requested an appraisal. An appraisal was made, but was not accompanied by an offer, proposal or agreement as to a possible purchase price. In the interest of her property, Mrs. Wehner did attend some of the Trustees’ meetings as an observer but never received any offers or indication of an attempt to negotiate from the Trustees. In effect, there was never even an attempt by the Trustees to negotiate or enter into an agreement with the Wehners as to their parcel of land.
*706 Although an agency of the state has the general power to condemn, it may do so only in compliance with the authorizing statute. Sec. 73.021(1), Fla.Stat. A statute stating the requirements for a petition in eminent domain must be strictly construed in favor of the landowner, and substantial compliance with the statutory provisions is required to sustain the petition. Tosohatchee Game Preserve v. Central and Southern Florida Flood Control District, 265 So.2d 681 (Fla.1972). Here, the evidence supports the trial court’s conclusion that the appellants failed to comply with the statute.
The Order of the trial court is
AFFIRMED.
SHARP, J., and BROWNLEE, JACKSON 0., Associate Judge, concur.

. The Resolution (80-33) stated that:
After substantial negotiations, it now appears that the remaining properties cannot be acquired by agreement satisfactory to the District Board of Trustees of said Community College and to the owners or parties interested in said private properties.

. Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (Fla.1947).
The power of eminent domain is an attribute of the sovereign. It is not a vesture of the state conferred by constitution or statute. It is circumscribed by the constitution and statute in order that cherished rights of the individual may be safeguarded. It is one of the most harsh proceedings known to the law, consequently when the sovereign delegates the power to a political unit or agency a strict construction will be given against the agency asserting the power.
Id. 31 So.2d at 485.