STONE, Judge.
We affirm the trial court order denying appellant’s motion to vacate orders of contempt and commitment. The appellant filed the motion, pursuant to Florida Rule of Civil Procedure 1.540(b)(4), contending that the orders were void.
The appellant asserts that the court lacked subject matter jurisdiction because the amended motion for contempt filed by the former wife was not filed with the clerk until after entry of the court’s contempt order, although filed prior to the commitment order. The trial court had dismissed the initial motion for contempt with leave to amend because of an ambiguity.
Appellant raises no issue concerning jurisdiction over his person. Although we do not have a transcript of the general master’s hearing, it appears that the contempt issue was in fact tried on the amended motion without any objection by the former husband to the delay in filing the original amended motion with the clerk. The appellant did not appeal the contempt or commitment orders. Nor did he appeal an order entered after the contempt order denying appellant’s motion to “dismiss” the contempt order.[1]
Upon a review of the record, as contained in the appendix submitted by appellant, we find no error in the trial court conclusion that it had subject matter jurisdiction. See generally Florida Power & Light Co. v. Canal Auth., 423 So.2d 421 (Fla. 5th DCA 1982). We deem the cases relied on by appellant to be inapposite.
DOWNEY and GARRETT, JJ., concur.

. Because no answer brief was filed and the question not raised, we choose not to address any assertion that might have been made concerning a waiver by failing to appeal the denial of the earlier motion to dismiss the same contempt order which appears to be asserted in part on the same grounds as those later raised in the 1.540 motion.