ORFINGER, J.
G.P., the adoptive mother, appeals an order vacating a final judgment of adop *636 tion, effectively terminating the parent-child relationship with her five-year-old child, D.P.P. The trial court set aside the final judgment concluding that it was rendered without subject matter jurisdiction. We reverse, holding the circuit court had subject matter jurisdiction in the adoption proceeding. We further hold that C.P. is estopped from challenging the validity of the adoption judgment that she helped to procure.
C.P. and G.P., both unmarried women, were involved in a committed relationship from 2005 to 2012. In 2007, they decided to have and raise a child as a family, and they jointly decided that C.P. would attempt to conceive. After conceiving with an anonymous donor, C.P. legally changed her name so she, the child, and G.P. would share G.P.’s last name. G.P. was present when D.P.P. was born and for the first four years of D.P.P.’s life, G.P. was equally responsible for raising and parenting D.P.P. Both C.P. and G.P. held themselves out as D.P.P.’s parents, and both were designated as the child’s parents on all medical and school-related paperwork.
In 2011, G.P. and C.P. sought legal recognition of their existing status as co-parents, jointly petitioning the circuit court to allow G.P. to legally adopt D.P.P. The adoption petition did not seek to terminate C.P.’s parental rights. The petition was uncontested, and it fully disclosed that the adoption was sought by two unmarried individuals, although it was captioned as a “Joint Petition for Step-Parent Adoption.” In January 2012, the circuit court granted the adoption petition, finding that it had subject matter jurisdiction and that the adoption was in D.P.P.’s best interests. The court entered a final judgment of adoption, declaring D.P.P. the legal child of G.P., without disturbing the parental rights of C.P. Thereafter, G.P. and C.P. obtained an amended birth certificate, listing both women as D.P.P.’s parents.
Shortly thereafter, the women separated but continued to co-parent D.P.P. However, nearly a year after the adoption judgment was rendered, C.P. moved for relief from the final judgment, alleging for the first time that the judgment was void and that G.P. was not D.P.P.’s legal parent.. In seeking to set aside the jointly-sought adoption, C.P. claimed that the circuit court lacked subject matter jurisdiction to grant it because G.P. was not qualified to seek a step-parent adoption. The trial court agreed that it never had subject matter jurisdiction to grant the adoption pursuant to sections 63.042, 63.102 and 63.172, Florida Statutes, because G.P. was not a step-parent or “an unmarried adult” seeking to adopt following the termination of C.P.’s parental rights. The court concluded that a petition for adoption filed by two unmarried adults fails to invoke the subject matter jurisdiction of the circuit court, and thus, the final judgment of adoption was void.
We disagree with the lower court’s determination concerning subject matter jurisdiction in the adoption proceeding. A court has subject matter jurisdiction when it has the authority to hear and decide the case. The Fla. Star v. B.J.F., 530 So.2d 286, 288 (Fla.1988). “ ‘In this state, circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be.’” Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla.1992) (quoting English v. McCrary, 348 So.2d 293, 297 (Fla.1977)). An examination of subject matter jurisdiction requires specific focus on the authority of the court over a general class of cases, rather than on the particular facts of an individual case. Stated differently, a challenge to subject matter jurisdiction is proper only when the court lacks authority to hear a class of *637 cases, rather than when it simply lacks authority to grant the relief requested in a particular case. See Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994); Fla. Power & Light Co. v. Canal Auth., 423 So.2d 421, 425 (Fla. 5th DCA 1982). As this Court has previously recognized, a “distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter.” Kalmanson v. Lockett, 848 So.2d 374, 380 (Fla. 5th DCA 2003). Here, the court had subject matter jurisdiction as it is without question that the circuit courts have exclusive jurisdiction over all adoption matters. See § 63.102(1), Fla. Stat. (2012) (“[A] proceeding for adoption may be commenced by filing a petition ... in the circuit court.”); see also, e.g., Ponce v. Children’s Home Soc’y, 97 So.2d 194, 197 (Fla.1957); Dep’t of Health, Office of Vital Statistics v. Adoption of Gilli, 746 So.2d 1172, 1173 (Fla. 5th DCA 1999).
Likewise, we disagree that the judgment of adoption is void. “A void judgment is so defective that it is deemed never to have had legal force and effect.” Sterling Factors Corp. v. U.S. Bank Nat'l Ass’n, 968 So.2d 658, 665 (Fla. 2d DCA 2007). As a nullity, “[a] void judgment may be attacked” pursuant to Florida Rule of Civil Procedure 1.540(b)(4) “at any time because the judgment creates no binding obligation on the parties.” Fisher v. State, 840 So.2d 325, 331 (Fla. 5th DCA 2003) (emphasis omitted). In general, a void judgment is entered without subject matter or personal jurisdiction. Zitani v. Reed, 992 So.2d 403, 408 (Fla. 2d DCA 2008); Sterling Factors Corp., 968 So.2d at 665; Palmer v. Palmer, 479 So.2d 221, 221 (Fla. 5th DCA 1985) (“If a court has subject matter jurisdiction and that jurisdiction has been properly invoked by pleadings and properly perfected by service of process, its judgments, although erroneous as to law or fact and subject to reversal on appeal, are nevertheless not void.”). On the other hand, a voidable judgment is one that has been entered based upon some procedural error that allows a party to have the judgment vacated, but it has legal force and effect unless and until it is vacated. Zitani, 992 So.2d at 409. A party may challenge a voidable judgment by motion for rehearing or appeal, and it may be subject to collateral attack under specific circumstances, but it cannot be challenged at any time as void under rule 1.540(b)(4). Sterling Factors Corp., 968 So.2d at 665.
Because the finality of judgments is favored, it is well established that errors, irregularities and even wrongdoing in the proceeding do not render a judgment void when the court has jurisdiction and the parties had an opportunity to be heard. Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990); State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So.2d 324, 326 (1943); see also In re Adoption of M.A., 930 A.2d 1088, 1091 (Me.2007) (determining that whether same-sex couple filed joint or individual petitions to adopt, court’s subject matter jurisdiction over adoptions was not affected, and thus, court erred in dismissing adoption). “If a court has jurisdiction in a case but simply errs in its decision, its action is merely voidable and, if not timely corrected, is final and binding.” Fla. Power & Light Co., 423 So.2d at 423 n. 5. Here, the circuit court had personal jurisdiction over the parties (invoked by the petition filed by both women), and subject-matter jurisdiction to act on petitions for adoption, and thus, the court erred in concluding that the final judgment of adoption was void. The court’s focus on the parties’ status as unmarried adults and the erroneous caption of the petition as being a step-parent adoption was misplaced. These are pleading and procedural deficiencies, not jurisdic *638 tional defects.[1] Such deficiencies do not automatically deprive the court of jurisdiction, void the judgment, or subject it to collateral attack. See, e.g., Strommen v. Strommen, 927 So.2d 176 (Fla. 2d DCA 2006) (finding that father’s failure to file affidavit required by UCCJA was pleading defect that did not deprive court of subject matter jurisdiction over child custody matter); Fla. Power & Light Co., 423 So.2d at 425 (determining that claimed failure of condemning authority to attach resolutions to condemnation petitions did not render petitions so insufficient to defeat jurisdiction, and did not deprive court of subject matter jurisdiction because circuit courts have subject matter jurisdiction over condemnation suits); see also Cunningham, 630 So.2d at 181 (explaining that although excess judgment is element of bad-faith insurance claims, failure to allege and prove this element does not rise to level of jurisdictional defect that cannot be waived); Burnside, 15 So.2d at 326 (holding that motion to vacate judgment, entered 20 months before, was “collateral attack” and was improperly sustained in absence of fraud or collusion); see generally Restatement (Second) of Judgments § 11 cmt. e. (1982) (discussing tendency in procedural law to treat various kinds of serious procedural errors as defects in subject matter jurisdiction in order to belatedly collaterally attack judgment).
The circuit court possesses inherent jurisdiction to determine issues related to a child’s custody and enter any orders appropriate to the child’s welfare. Richardson v. Richardson, 766 So.2d 1036, 1043 (Fla.2000); see Hinz v. Johnson, 14 So.3d 275, 275 (Fla. 5th DCA 2009) (recognizing that trial court has inherent jurisdiction to determine issues regarding child’s custody and that jurisdiction is not dependent on case having originated under particular statute). The circuit court’s final judgment did not run afoul of the court’s power to enter judgments of adoption.[2] The trial court erred in its conclusion that it never had subject matter jurisdiction to enter the adoption judgment decree at issue here.
Finally, in seeking to set aside the final judgment, C.P. would have us ignore her role in procuring the adoption. G.P. and C.P. jointly sought to make G.P. a coequal legal parent of D.P.P., and both joined in the adoption petition. D.P.P. regards both C.P. and G.P. as parents, and all three lived as a family for years. C.P. is estopped to argue otherwise.
In general, the doctrine of es-toppel prevents a person from unfairly ás- *639 serting inconsistent positions. See 22 Fla. Jur. 2d Estoppel and Waiver § 59 (2014). One who assumes a particular position or theory in a case is judicially estopped in a later phase of that same case, or in another case, from asserting any other or inconsistent position toward the same parties and subject matter. Federated Mut. Implement & Hardware Ins. Co. v. Griffin, 237 So.2d 38, 41-42 (Fla. 1st DCA 1970). In practice, this means when a court accepts a party’s allegation in one suit, the doctrine of estoppel will not permit that party to unfairly assert a contrary position in a later action involving the same parties and subject matter. 22 Fla. Jur. 2d Estoppel and Waiver § 68 (2014) (“It is a general rule that parties will be held to the theories upon which they secure action by the court”). Hence, a party who accepts the benefit of an order is estopped from urging error upon the same order. Major League Baseball v. Morsani, 790 So.2d 1071, 1076 (Fla.2001); Miami Retreat Found. v. Ervin, 62 So.2d 748, 756 (Fla.1952); Peppard v. Peppard, 198 So.2d 68, 69-70 (Fla. 3d DCA 1967). While estoppel does not validate an otherwise invalid decree, it prevents a party who sought and benefitted from an order from questioning its validity. See Kilmark v. Kilmark, 366 So.2d 794, 797 (Fla. 2d DCA 1978); see also Johnson v. State, Dep’t of Revenue, 973 So.2d 1236, 1239 (Fla. 1st DCA 2008) (“A party may forfeit the right to seek relief even from a void judgment if the party’s actions or statements have had the effect of ratifying the judgment or conceding its propriety.”).
Consistent with this longstanding principle, more than sixty years ago, in In re McLaughlin, 159 Fla. 16, 30 So.2d 632 (1947), the Florida Supreme Court rejected a challenge to an adoption judgment, holding that the doctrine of estoppel precluded a party who petitioned for an adoption from later seeking to void it. The supreme court declined to find error in a circuit court order that read:
The movant now seeks to be heard in this Court to question the decree made at his solicitation. He invoked the jurisdiction of this Court, he asked that the decree of adoption be made, he got what he desired and he should not now be allowed to question the decree by said motion. If any wrong was done, he did it and he should not now be allowed to take advantage of his wrong to the prejudice of an innocent, minor child. He should not be allowed to make a football out of an innocent child and he is es-topped in equity and good conscience to now undertake to undo that which was done at his own solicitation and has been ratified and confirmed by him for over two years.
Id. at 632.
Similarly here, it would be unconscionable to allow C.P. to invoke the jurisdiction of the court for the sole purpose of creating a parent-child relationship between G.P. and D.P.P. and then to allow her to destroy that same relationship because her relationship with G.P. has ended. See Parker v. Parker, 950 So.2d 388, 393-94 (Fla.2007) (“The law should discourage adults from treating children they have parented as expendable when their adult relationships fall apart. It is the adults who can and should absorb the pain of betrayal rather than inflict additional betrayal on the involved children.”); T.M.H. v. D.M.T., 79 So.3d 787, 802-03 (Fla. 5th DCA 2011) (“Parental rights, which include the love and affection an individual has for his or her child, transcend the relationship between two consenting adults[.]”), approved in part, disapproved in part, 129 So.3d 320 (Fla.2013); Perez v. Perez, 769 So.2d 389, 392 (Fla. 3d DCA 1999) (“Children should not be ‘played’ as if in a game of ping-pong_”).
*640 For all these reasons, we conclude that the final judgment of adoption is not void and that C.P. is estopped from challenging the adoption judgment. We reverse the order vacating the final judgment of adoption and reinstate it. On remand, the circuit court will conduct further proceedings to establish a parenting plan, including child support and related matters.
REVERSED and REMANDED for further proceedings.
TORPY, C.J. and EVANDER, J., concur.

. The miscaptioning of the petition to adopt is insignificant. A pleading is not governed by its label, but by its substance. Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149, 1151 (Fla. 2d DCA 1981) (citing Sodikoff v. Allen Parker Co., 202 So.2d 4 (Fla. 3d DCA 1967)).

. The adoption decree was consistent with the intent of the Legislature set forth in section 63.022, Florida Statutes (2012), which provides, in part:
(1) The Legislature finds that:
(a) The state has a compelling interest in providing stable and permanent homes for adoptive children in a prompt manner, in preventing the disruption of adoptive place-mente, and in holding parents accountable for meeting the needs of children.
[[Image here]]
(c) Adoptive children have the right to permanence and stability in adoptive placements.
(d) Adoptive parents have a constitutional privacy interest in retaining custody of a legally adopted child.
[[Image here]]
(2) It is the intent of the Legislature that in every adoption, the best interest of the child should govern and be of foremost concern in the court’s determination. The court shall make a specific finding as to the best interests of the child in accordance with the provisions of this chapter.