IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LYNWOOD AND MYRTLE
VIVERETTE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

  Appellants,

v.

CASE NO. 1D17-0618

STATE OF FLORIDA,
DEPARTMENT OF
TRANSPORTATION,

  Appellee.

_____/

Opinion filed October 6, 2017.

An appeal from the Circuit Court for Washington County.
Timothy Register, Judge.

Charles S. Stratton and Joshua S. Stratton of Broad and Cassel LLP, Tallahassee, for Appellants.

Marc Peoples, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellee.

JAY, J.

  Appellants, Lynwood and Myrtle Viverette, challenge an order granting a petition filed by the Department of Transportation ("the Department") to condemn a portion of their property through eminent domain. Appellants raise two issues for

our consideration. We find only one has merit. The Department's petition was defective because the authorizing resolution attached to the petition referenced out-of-date right-of-way maps that did not reflect the parcel of appellants' land the Department sought to condemn. Due to this defect in the petition, we reverse.

## I. Facts

In February 2016, the Department filed a petition to condemn a portion of appellants' property referred to as parcel 121. The Department attached to its petition a "project resolution" and a "parcel resolution." The project resolution authorized a road-widening project. It stated that the Department had prepared right-of-way maps reflecting the project, which were "adopted as the official Right of Way maps" for the project. The project resolution was dated December 2014. Also attached to the petition was a parcel resolution, which listed the specific parcels of land the Department deemed necessary for the completion of the project, including parcel 121.

The circuit court denied the petition, finding the Department failed to show that it needed to condemn the entirety of parcel 121. Therefore, in November 2016, the Department filed a second petition seeking to condemn a smaller portion of appellants' property, referenced as parcel 121R. The second petition attached an updated parcel resolution reflecting parcel 121R, but retained, as an additional attachment, the original 2014 project resolution.

Appellants argued that the second petition was also defective because the Department attached the 2014 project resolution, which adopted the now out-of-date right-of-way maps reflecting parcel 121, not parcel 121R. They argued the Department should have attached an updated project resolution adopting the current right-of-way maps. The trial court rejected this argument and granted the petition.

## II. Analysis

The Florida Constitution prohibits the taking of private property "except for a public purpose and with full compensation." Art. X, § 6(a), Fla. Const. Section 73.021, Florida Statutes (2016), provides in pertinent part:

> Those having the right to exercise the power of eminent domain may file a petition . . . which . . . shall set forth:
> (1) The authority under which and the public use or purpose for which the property is to be acquired, and that the property is necessary for that public use or purpose; [and]
> (2) A description identifying the property sought to be acquired
> . . . .

Section 73.021 "must be strictly construed in favor of the landowner and . . . substantial compliance with its provisions is required to sustain a petition for condemnation" because eminent domain "'is one of the most harsh proceedings known to the law.'" Tosohatchee Game Preserve, Inc. v. Cent. & S. Fla. Flood Control Dist., 265 So. 2d 681, 683 (Fla. 1972) (quoting P[e]avy-Wilson Lumber Co. v. Brevard Cty., 31 So. 2d 483 (1947)). "Nothing short of a petition which

3

adheres to the statutory guidelines will commence condemnation proceedings under chapter 73." Dep't of Envtl. Prot. v. Gibbins, 696 So. 2d 888, 890 (Fla. 5th DCA 1997).

In Tosohatchee, the Florida Supreme Court interpreted section 73.021 as requiring that "a petition in condemnation must be accompanied by an authorizing resolution (where one is required) adopted prior to the initiation of eminent domain proceedings." 265 So. 2d at 684. The supreme court reasoned that "[t]o permit the condemning authority to adopt a resolution authorizing condemnation after initiating proceedings in court would, in our view, frustrate the purpose intended to be served by orderly procedure in an eminent domain action." Id. "If an agency cannot condemn without first resolving to do so through its governing board, it is the height of frivolity for such agency to initiate court action against the landowner before adoption of an authorizing resolution. No other purpose than harassment is served by such a practice." Id.

As part of the Tosohatchee analysis, a trial court is "required to consider any exhibit attached to, or incorporated" into a condemning authority's petition. Bott v. City of Marathon, 949 So. 2d 295, 296 (Fla. 3d DCA 2007). Any attached exhibit is controlling, and if the allegations of the petition are contradicted by the exhibit, the "plain meaning" of the exhibit prevails. Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994). Stated another way, any

4

inconsistency between the pleading and the attached exhibit has the effect of "neutralizing" the allegations of the petition, rendering the pleading deficient. Harry Pepper & Assoc., Inc. v. Lasseter, 247 So. 2d 736, 736-37 (Fla. 3d DCA 1971).

Because the 2014 project resolution was attached to the Department's second petition, the resolution became an integral part of the pleading "for all purposes." See Fladell v. Palm Beach Cty. Canvassing Bd., 772 So. 2d 1240, 1242 (Fla. 2000). The project resolution adopted the original right-of-way maps, which were outdated and did not reflect the portion of appellants' land the Department currently seeks to condemn. Because "[a] defective petition will not allow a landowner's property to be taken," City of Ocala v. Red Oak Farm, Inc., 636 So. 2d 81, 83 (Fla. 5th DCA 1994), and because the 2014 resolution could not authorize the acquisition of a parcel that was not drawn up until 2016, the Department's petition should have been dismissed.

We next consider the connected question of whether the Department can cure the pleading defect by requesting leave to file an amended petition or whether the pleading requirements of section 73.021 are jurisdictional. If the latter were true, the trial court would be divested of jurisdiction to entertain a motion to amend after the dismissal of the Department's second petition. Our answer to this question is guided by two key decisions.

5

Florida Power & Light Co. v. Canal Authority, 423 So. 2d 421 (Fla. 5th DCA 1982), involved an appeal from the denial of a motion for relief from judgment that contested condemnation judgments, which had been entered over a decade before. Id. at 422. The motion for relief alleged that because the condemnation petitions did not attach the authorizing resolutions, the trial court lacked subject matter jurisdiction over the petitions, thereby invalidating the judgments. Id.

In affirming the denial of the motion for relief, the Fifth District emphasized that "the test for whether a pleading sufficiently [invokes] the jurisdiction of a court is not as stringent as the test as to whether . . . the pleading is subject to a motion to dismiss for failure to state a cause of action." Id. at 425 (citing Lovett v. Lovett, 112 So. 768, 775-76 (Fla. 1927)). As a result, "[e]ven if . . . the failure of the condemning authority to attach resolutions to their petitions for condemnation made those petitions subject to motions to dismiss, *such deficiencies in the pleading invoking the jurisdiction of the trial court did not deprive the court of jurisdiction*." Id. (footnotes omitted) (emphasis added). Instead, "the trial court . . . being the circuit court, had subject-matter jurisdiction over the class of cases known as condemnation suits." Id.

Later, in Cunningham v. Standard Guaranty Insurance Co., 630 So. 2d 179 (Fla. 1994), the Florida Supreme Court reaffirmed the principle that subject matter

6

jurisdiction is the "'power lawfully conferred to deal with the general subject involved in the action'" and "'does not depend upon the ultimate existence of a good cause of action in the plaintiff, in the particular case before the court.'" Id. at 181 (quoting Malone v. Meres, 109 So. 677, 683 (1926)). Stated differently, "[i]t is the power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case." Id. (citation and internal quotations marks omitted).

In finding that the circuit court in Cunningham had jurisdiction over bad faith claims against insurance companies, the supreme court relied on Florida Power's holding that "'deficiencies in the pleading invoking the jurisdiction of the trial court [do] not deprive the court of jurisdiction.'" 630 So. 2d at 181 (quoting Fla. Power, 423 So. 2d at 425). In doing so, it specifically referenced the fact that the condemning authority in Florida Power failed to attach the authorizing resolutions to its petitions and recognized that this failure was the basis for the claim that the trial court lacked subject matter jurisdiction when it entered the condemnation judgments. Id. at 181. As a result, we believe it is clear that Cunningham approved Florida Power's conclusion that pleading deficiencies in a condemning authority's petition do not revoke the circuit court's subject matter jurisdiction "'over the class of cases known as condemnation suits.'" Id.; see Hon. Scott Stephens, Florida's Third Species of Jurisdiction, 82 Fla. Bar J. 11, 19-20

7

(March 2008) ("The Supreme Court [in Cunningham] perceived that the district courts had strayed from the actual meaning of subject matter jurisdiction and approvingly cited Florida Power and Light for the proposition that 'deficiencies in the pleading invoking the jurisdiction of the trial court did not deprive the court of jurisdiction.'"); see also Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 801 n.3 (Fla. 2003) (holding "[s]ubject matter jurisdiction 'means no more than the power lawfully existing to hear and determine a cause,'" quoting Cunningham, 630 So. 2d at 181)); In re Adoption of D.P.P., 158 So. 3d 633, 636-37 (Fla. 5th DCA 2014) ("[A] challenge to subject matter jurisdiction is proper only when the court lacks authority to hear a class of cases, rather than when it simply lacks authority to grant the relief requested in a particular case.").

Based on Cunningham, we hold that the pleading requirements of section 73.021 are not jurisdictional insofar as a pleading defect does not deprive the trial court of subject matter jurisdiction to entertain a motion to amend to cure the deficiency. To the extent that this Court held to the contrary in Gulf Power Co. v. Stack, 296 So. 2d 572 (Fla. 1st DCA 1974), we conclude Stack is inconsistent with, and effectively overruled by, the supreme court's decision in Cunningham. Accordingly, we reverse the Order of Taking and remand with instructions that the trial court dismiss the petition without prejudice to the Department's seeking leave

8

to file an amended petition, thereby allowing the Department to potentially cure the pleading defect under section 73.021.

REVERSED and REMANDED.

ROWE, J., and GRIFFIS III, STANLEY H., ASSOCIATE JUDGE, CONCUR.